2002 ND 27

**Darrell Wayne RED PAINT, a/k/a Darrell Wayne Clifford Red Paint, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20010245.**

Supreme Court of North Dakota.

Feb. 20, 2002.

Rehearing Denied March 12, 2002.

Darrell W. Clifford, pro se, Bismarck, ND, for petitioner and appellant.

Mary K. O'Donnell (on brief), State's Attorney, Rolla, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Darrell Red Paint, also known as Darrell Clifford, appeals from the dismissal of his application for post-conviction relief. Finding the application is without

merit, we affirm the district court's dismissal.

## I

[¶ 2] Red Paint was convicted of two counts of murder in 1981. Red Paint appealed the conviction, arguing the district court committed reversible error in allowing testimony regarding a conversation he had with Franklin Bell at the Rolette County sheriff's office in which he admitted the killings. We affirmed the conviction, holding the challenged testimony was not a privileged confidential communication. *State v. Red Paint*, 311 N.W.2d 182, 185 (N.D.1981).

[¶ 3] In June of 2001 Red Paint sought post-conviction relief, alleging two issues. First, he argues his conversation with Bell was inadmissible at trial as a privileged confidential communication. Second, he argues his conviction was obtained through a violation of his constitutional right against self-incrimination. Specifically, Red Paint asserts he did not receive Miranda warnings. Red Paint filed his application without an attorney, and declined court appointed representation. The district court dismissed Red Paint's application for post-conviction relief, determining the issues had previously been decided on direct appeal. Red Paint appealed the district court's decision.

[¶ 4] Red Paint represented himself at oral argument before this Court. During his argument Red Paint stated: "See, there's nothing I can say with, uh, about this because I was actually the little Indian that did pull the trigger back then." Testimony at Red Paint's trial had previously established shotgun wounds were the cause of death for both victims.

## II

[¶ 5] Red Paint's first claim is Bell's testimony was inadmissible as privileged confidential communications. North Dakota Century Code § 29–32.1–12(1) states "[a]n application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding." On direct appeal we identified the sole issue as "whether the district court committed reversible error in allowing Frank Bell to testify at trial regarding his conversation with Red Paint at the Rolette County sheriff's office." *Red Paint*, 311 N.W.2d at 183. We held "Bell's testimony was not a privileged confidential communication and the district court did not commit error in allowing Bell to testify." *Id.* at 185.

[¶ 6] "When an issue has been raised on a direct appeal of a conviction the issue cannot be raised again in a subsequent post-conviction relief proceeding." *DeCoteau v. State*, 1998 ND 199, ¶ 5, 586 N.W.2d 156. Because Red Paint raised the issue of admissibility of Bell's testimony on direct appeal, it cannot be raised again. The district court was correct in denying this portion of the application for post-conviction relief because it was fully and finally determined in the direct appeal, thereby making the issue res judicata.

[¶ 7] It must be noted that even if a valid privilege had existed regarding Red Paint's admission to Bell, Red Paint waived any privilege he could assert when he volunteered the statement about the double homicide before this Court. The holder of a privilege waives the right to assert the privilege if he voluntarily discloses any significant part of the privileged matter. N.D.R.Ev. 510. Red Paint's admission to this Court constitutes a waiver of the privilege which he might have asserted regarding the content of Bell's testimony.

## III

**[¶ 8]** Red Paint's second claim is his right against self-incrimination was violated because he did not receive Miranda warnings. The State argues the issue of self-incrimination was fully and finally determined in the direct appeal. *See* N.D.C.C. § 29–32.1–12(1). Alternatively, the State argues the claim is barred as a misuse of process under N.D.C.C. § 29–32.1–12(2).[1]

**[¶ 9]** In addition to deciding the issue of whether the communications between Red Paint and Bell were privileged, we addressed the issue of self-incrimination on direct appeal:

> Although the issue was not raised by the parties in their briefs, at oral argument it was pointed out that Red Paint was not given Miranda warnings prior to his admission to Bell at the Rolette County sheriff's office. In Miranda v. Arizona, ..., the Supreme Court held that the prosecution may not use statements stemming from "custodial interrogation" of a defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. The Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way".....
>
> There is no evidence indicating that Bell's conversation with Red Paint constituted "questioning initiated by law enforcement officers", and, therefore, the failure to give Miranda warnings did not affect the admissibility of Bell's testimo-

ny. Other courts presented with similar fact situations have also held that Miranda does not apply to interrogations conducted by private individuals.

*Red Paint,* 311 N.W.2d at 183–84 n. 1.

**[¶ 10]** The constitutional triggers requiring Miranda warnings are custody and interrogation. *State v. Helmenstein,* 2000 ND 223, ¶ 13, 620 N.W.2d 581 (citing *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). "When a person is in custody and being interrogated by law enforcement, the individual must be apprised, or warned, of his or her rights." *State v. Eldred,* 1997 ND 112, ¶ 10, 564 N.W.2d 283. Following other courts, we have noted "Miranda does not apply to interrogations conducted by private individuals." *Red Paint,* 311 N.W.2d at 183–84 n. 1. On direct appeal we determined "the failure to give Miranda warnings did not affect the admissibility of Bell's testimony." *Id.* The district court was correct in denying this portion of the application for post-conviction relief because the self-incrimination issue was fully and finally determined in a previous proceeding, thereby making the issue res judicata.

**[¶ 11]** In addition to being res judicata, raising the issue of self-incrimination at this time is a misuse of process. Red Paint failed to raise the issue in his brief on direct appeal in 1981. The issue of whether Red Paint's right against self-incrimination was violated because he did not receive Miranda warnings is appropriate for review on direct appeal. *See Sy-*

---

1. North Dakota Century Code § 29–32.1–12(2) provides:

    A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

    a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous post-conviction proceeding; or

    b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

*vertson v. State,* 2000 ND 185, ¶ 17, 620 N.W.2d 362. Red Paint has not provided a reason why he should be excused from failing to raise this issue on direct appeal. *See id.*

[¶ 12] Finally, Red Paint's right against self-incrimination was not violated because Miranda warnings were not required. We determined Bell "was not serving as a law enforcement officer in any capacity." *Red Paint,* 311 N.W.2d at 184. Miranda warnings need only be given in a custodial interrogation setting. *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* Bell was not a law enforcement officer. Consequently, Miranda warnings need not be given when the interrogation is conducted by a private individual. *Red Paint,* at 183–84 n. 1.

IV

[¶ 13] The issues raised in Red Paint's motion for post-conviction relief are barred under the doctrine of res judicata and are a misuse of process. We affirm the district court's dismissal.

[¶ 14] CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., and GERALD W. VANDE WALLE, C.J., concur.