2004 ND 130

**Steven Lennard JOHNSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Nos. 20030256, 20030257.**

Supreme Court of North Dakota.

June 30, 2004.

Steven M. Light (appeared), and Jesse Lange (argued), third-year law student,

Larivee & Light, Grand Forks, N.D., for petitioner and appellant.

Peter D. Welte (on brief), State's Attorney, Dale R. Rivard (appeared), Assistant State's Attorney, Heather L. Foss (argued), third-year law student, and Carmell Berry (appeared), third-year law student, Grand Forks, N.D., for respondent and appellee.

NEUMANN, Justice.

[¶1] Steven Lennard Johnson appealed from an order denying his application for post-conviction relief and an order denying his motion to amend that order under N.D.R.Civ.P. 52(b). We conclude the district court did not err in denying post-conviction relief because of res judicata, Johnson's misuse of process, and Johnson's failure to allege a valid claim of ineffective assistance of counsel as a matter of law. We affirm.

I

[¶2] In December 2000, Johnson was convicted by a jury of gross sexual imposition, a class A felony, and contributing to the delinquency of a minor, a class A misdemeanor. Johnson appealed to this Court, but the appeal was dismissed on Johnson's own motion. In August 2001, Johnson was appointed an attorney different than his trial attorney to represent him in post-conviction proceedings. Nevertheless, on January 25, 2002, Johnson, acting pro se, filed an application for post-conviction relief, which was refiled with the district court on February 7, 2002. A hearing on Johnson's application occurred in August 2002, and the district court denied the application in October 2002. Johnson appealed to this Court, but the appeal was dismissed on motion by a second attorney Johnson had retained for post-conviction purposes.

[¶3] On April 15, 2003, Johnson, represented by his second post-conviction attorney, filed another application for post-conviction relief raising numerous issues. He alleged ineffective assistance of both his trial attorney and the attorney who represented him on his first application for post-conviction relief, and alleged prosecutorial misconduct during his trial. The district court dismissed the application without affording Johnson a hearing, concluding that the "underlying contentions" were substantively identical to the contentions raised in the first application for post-conviction relief. Johnson moved to amend the court's findings and judgment under N.D.R.Civ.P. 52(b). The district court also denied the motion to amend, concluding neither Johnson's trial attorney nor his post-conviction attorney were ineffective, and the prosecutor's comments during trial did not "cause[] substantial injury to Mr. Johnson's rights." This appeal followed. Although an order on a motion brought under N.D.R.Civ.P. 52(b) is not itself appealable, *Lang v. Lang*, 1997 ND 17, ¶6, 558 N.W.2d 859, it is reviewable on the timely appeal from the court's prior order denying post-conviction relief. *See Applegren v. Milbank Mut. Ins. Co.*, 268 N.W.2d 114, 115 (N.D.1978).

II

[¶4] Johnson argues the district court erred in dismissing his application for post-conviction relief without holding an evidentiary hearing.

A

[¶5] Under N.D.C.C. § 29–32.1–09(1), a district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the party moving for dismissal is entitled to judgment as a matter of law. We ordinarily review an appeal from a

summary denial of post-conviction relief in the same way that we review appeals from summary judgment. *Murchison v. State,* 2003 ND 38, ¶ 8, 658 N.W.2d 320. Once the party moving for summary disposition has established there is no genuine issue of fact, the burden shifts to the nonmoving party to show a genuine issue of fact exists, and the party resisting the motion may not rely on the pleadings or unsupported conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means. *Whiteman v. State,* 2002 ND 77, ¶ 21, 643 N.W.2d 704.

[¶ 6] Here, Johnson's application for post-conviction relief was filed on April 15, 2003, and the State's brief in response to the application requesting summary disposition without a hearing was filed on June 17, 2003. The district court denied the second application on July 1, 2003, two weeks after the State requested summary disposition. Because post-conviction relief proceedings are civil in nature and all rules and statutes applicable in civil proceedings are available to the parties, *see Vandeberg v. State,* 2003 ND 71, ¶ 5, 660 N.W.2d 568, Johnson, under N.D.R.Civ.P. 56(c), should have been afforded 30 days after service of the State's brief within which to serve and file an answer brief and supporting papers in opposition to the request for summary disposition. *See Alerus Fin. v. Lamb,* 2003 ND 158, ¶ 17, 670 N.W.2d 351. Johnson, however, has not raised this as an issue on appeal. We will treat the district court's decision as a dismissal of the application on the pleadings under N.D.R.Civ.P. 12(b)(vi). On appeal from a dismissal under N.D.R.Civ.P. 12(b)(vi), we construe the application in the light most favorable to the plaintiff and accept as true the well-pleaded allegations. *See Vandall v. Trinity Hosp.,* 2004 ND 47, ¶ 5, 676 N.W.2d 88.

We will affirm dismissal for failure to state a claim if we cannot discern a potential for proof to support the application. *See Ziegelmann v. DaimlerChrysler Corp.,* 2002 ND 134, ¶ 5, 649 N.W.2d 556.

[¶ 7] The State argued in the district court that the application should be denied because of res judicata and misuse of process. Section 29–32.1–12(1) and (2), N.D.C.C., provides:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

Section 29–32.1–06(2) and (3), N.D.C.C., further provides:

2. The state may move to dismiss an application on the ground that it is evident from the application that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings. In considering the motion, the court shall take account of substance regardless of defects of form.

3. The following defenses may be raised by answer or motion:

a. The claim has been fully and finally determined in a previous proceeding in accordance with subsection 1 of section 29–32.1–12; or

b. The application constitutes misuse of process in accordance with subsection 2 of section 29–32.1–12.

### B

[¶ 8]   In his January 25, 2002 and February 7, 2002 pro se applications for post-conviction relief, Johnson argued he was denied a fair trial because: (1) the prosecutor presented "altered statements" of his written statement to the jury without providing an audio tape of those statements; (2) the prosecutor entered the victim's statement in evidence knowing the victim had failed a polygraph examination and had admitted her statements were false; (3) his trial attorney refused to subpoena "key witness[es];" (4) the testimony of a medical doctor, if he had been called to testify, would have "brought forth a different verdict"; (5) his trial attorney refused to seek suppression of his "altered statement"; (6) his trial attorney refused to subpoena the victim's boyfriend, "whom the victim stated that she had sex with the day before the alleged accusation"; (7) his trial attorney failed to secure other witnesses who "would have guaranteed an Acquittal"; (8) his trial attorney's failure to appeal the conviction "as requested" was ineffective assistance of counsel; and (9) he had a statutory right to appeal as a "Matter of Right."  Following a hearing, the district court denied the application in a nine-page decision.  An appeal from that order was withdrawn, and the appeal was dismissed by this Court on February 5, 2003.

[¶ 9]   In the second application for post-conviction relief filed on April 15, 2003, Johnson alleged, through this second post-conviction attorney, that he was denied due process because he received ineffective assistance of counsel:

a.  During the State's case-in-chief, Trial counsel failed to conduct a founda-tional cross-examination and object to the admission of a transcript of a statement allegedly given by Johnson when the audio tape of that interview had been destroyed (Tr. Jury Trial p. 66;  78, lines 8–15); and

b.  Trial counsel failed to object or move for a mistrial when during the State's case-in-chief a State witness read a letter written by Johnson, which was improperly authenticated and was written in an effort to plea bargain (Tr. Jury Trial p. 75–77); and

c.  Trial counsel failed to object or move for a mistrial when at various times during trial, the prosecuting attorney vouched for State witnesses, stated facts not in evidence, and made other improper statements (Tr. Jury Trial p. 20, lines 20–21; 141, lines 19–22;  142, lines 3–4 and 5–19;  144, lines 4–5;  163, lines 18–23;  147, lines 19–22;  165, lines 3–8 and lines 15–23);

d.  Trial counsel advised Johnson to move for dismissal of his direct appeal in order to obtain a sentence reduction, which was ultimately denied; and

e.  Johnson's Previous counsel for matters pertaining to post-conviction relief refused to file a brief on Johnson's behalf and failed to raise any issues.  Instead, she relied solely on the issues raised in a brief written by Johnson on his own behalf.  (Tr. Hearing on Motion for Post Conviction Relief p. 3–50)

[¶ 10]   Johnson also alleged there was prosecutorial misconduct which denied him a fair trial because:

a.  The prosecuting attorney vouched for State witnesses, stated facts not in evidence, and made other improp-

er statements during trial (Tr. Jury Trial p. 20; lines 20–21; 141, lines 19–22; 142, lines 3–4 and 5–19; 144, lines 4–5; 163, lines 18–23; 147, lines 19–22; 165, lines 3–8 and lines 15–23); and

b. During trial, the prosecuting attorney introduced a letter written by Johnson when it was clear that said letter was written by Johnson in an effort to plea bargain. (Tr. Jury Trial 75–77)

[¶ 11] The district court denied the second application for post-conviction relief in a four-page order, which concluded:

Reviewing the Defendant's most recent application for post conviction relief along with his earlier submission indicates that . . . while perhaps his verbiage has changed a bit, his underlying contentions have not. Since these issues were already addressed at an earlier hearing, his request for yet another hearing on the same underlying issues is DENIED. Since nothing new substantively has been submitted in conjunction with his renewed request for post-conviction relief, that request is likewise DENIED.

In its decision denying the motion to amend the findings and judgment, the district court ruled that Johnson was not prejudiced by the conduct of his trial counsel or the trial prosecutor, and his first post-conviction counsel was not ineffective because "she did only what her client advised her to do with regard to post-conviction relief."

[¶ 12] The only claim in the second application that clearly appears to be the same claim raised in the first application involves the advice of Johnson's trial attorney to dismiss the direct appeal from the conviction and seek a sentence reduction, contained in allegations 8, 9, and d in the respective applications. When no appeal is taken from an initial denial of an application for post-conviction relief, those claims are fully and finally determined in the previous proceeding for purposes of res judicata under N.D.C.C. § 29–32.1–12(1). *See Murchison*, 2003 ND 38, ¶ 16, 658 N.W.2d 320. Therefore, the district court did not err in rejecting this claim as barred by res judicata.

[¶ 13] It is arguable that the majority of the remainder of the issues in the second application are not "simply variations" of arguments raised in the first application. *State v. Johnson*, 1997 ND 235, ¶ 13, 571 N.W.2d 372 (quoting *Woehlhoff v. State*, 531 N.W.2d 566, 567 (N.D. 1995)); *compare Wilson v. State*, 1999 ND 222, ¶ 12, 603 N.W.2d 47 (holding res judicata did not bar consideration of different claims of ineffective assistance of counsel which were not specifically raised in direct appeal). However, we will not set aside a district court's decision merely because the court applied an incorrect reason, if the result is the same under the correct law and reasoning. *E.g., Syversen v. Hess*, 2003 ND 118, ¶ 8, 665 N.W.2d 23. In addition to res judicata, the State pleaded the affirmative defense of misuse of process. *See St. Claire v. State*, 2002 ND 10, ¶ 13, 638 N.W.2d 39. It is well settled that post-conviction proceedings are not intended to allow a defendant multiple opportunities to raise the same or similar issues. *E.g., Silvesan v. State*, 1999 ND 62, ¶ 10, 591 N.W.2d 131; *Murchison v. State*, 1998 ND 96, ¶ 7, 578 N.W.2d 514; *State v. Manke*, 361 N.W.2d 247, 248 (N.D.1985). A defendant who inexcusably fails to raise all his claims in a single post-conviction proceeding misuses the post-conviction process by initiating a subsequent application raising issues that could have been raised in the earlier proceeding. *E.g., Silvesan*, 1999 ND 62, ¶ 10, 591 N.W.2d 131; *Johnson*, 1997 ND 235, ¶ 13, 571 N.W.2d

372. The remainder of the claims in Johnson's second application, except one, could have been raised in the first post-conviction proceeding. Throughout these proceedings involving the second application for post-conviction relief, Johnson has offered no excuse or justification for failing to raise those claims in the first proceeding. *See Greybull v. State*, 2004 ND 116, ¶ 5, 680 N.W.2d 254; *Steinbach v. State*, 2003 ND 46, ¶ 8, 658 N.W.2d 355. We therefore conclude the district court did not err in rejecting the remainder of the claims, except one, because of Johnson's misuse of process.

## C

[¶ 14] The only claim Johnson could not have raised in the first application for post-conviction relief is the argument that his first post-conviction attorney was ineffective.

[¶ 15] Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, in *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court ruled, because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Based on *Coleman*, several courts have ruled claims of ineffective assistance of post-conviction counsel simply cannot be raised in an application for post-conviction relief, even in jurisdictions that afford a statutory right to counsel in post-conviction relief proceedings. *See, e.g., State v. Hunt*, 262 Neb. 648, 634 N.W.2d 475, 480 (2001); *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524, 529 (1993); *Bejarano v. Warden*, 112 Nev. 1466, 929 P.2d 922, 925 (1996); *House v. State*, 911 S.W.2d 705,

712 (Tenn.1995); *Ex parte Graves*, 70 S.W.3d 103, 117 (Tex.Crim.App.2002). Some courts have concluded claims of ineffective assistance of post-conviction counsel are still cognizable in a post-conviction proceeding, but those courts apply a lesser standard than the standard set forth in *Strickland*. *See Grinols v. State*, 10 P.3d 600, 619–20 (Alaska App.2000); *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind.1989). "The logic behind such a rule is that if counsel for post-conviction proceedings, as well as trial and direct appeal, must meet the same standards, then claims of ineffective assistance of counsel in the immediate prior proceeding may be raised ad infinitum." *Bejarano*, 929 P.2d at 925.

[¶ 16] Other courts have continued to apply the *Strickland* standard in situations where, under a statute, it is either discretionary or mandatory that counsel be appointed for post-conviction proceedings. *See, e.g., People v. Hickey*, 914 P.2d 377, 379 (Colo.App.1995); *Lozada v. Warden*, 223 Conn. 834, 613 A.2d 818, 821 (1992); *Stovall v. State*, 144 Md.App. 711, 800 A.2d 31, 38 (2002); *Jackson v. Weber*, 637 N.W.2d 19, 23 (S.D.2001). Although these cases acknowledge *Coleman*, the typical reasoning for applying *Strickland* is that "[i]t would be absurd to have the right to appointed counsel who is not required to be competent," and a statute providing for appointment of counsel " 'would be meaningless if it did not embody a requirement that counsel be effective as well as merely present.' " *Lozada*, 613 A.2d at 821 (quoting *United States v. Wren*, 682 F.Supp. 1237, 1241–42 (S.D.Ga.1988)).

[¶ 17] We have applied the *Strickland* standard to claims of ineffective assistance of post-conviction counsel, *see Berlin v. State*, 2000 ND 206, ¶¶ 6–10, 619 N.W.2d 623, and we conclude the reasoning given by courts which apply *Strickland* to assess the performance of post-convic-

tion counsel is persuasive. To succeed on a claim of ineffective assistance of counsel under *Strickland,* a person must show counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. *Kamara v. State,* 2003 ND 179, ¶ 5, 671 N.W.2d 811.

### D

[¶ 18] Johnson argued his first post-conviction counsel was ineffective because she "refused to file a brief on Johnson's behalf and failed to raise any issues," and "relied solely on the issues raised in a brief written by Johnson on his own behalf."

[¶ 19] Five days before the hearing on Johnson's first application for post-conviction relief, his first post-conviction attorney wrote Johnson a letter explaining why she submitted the brief Johnson had given her without any changes or additions. The attorney explained that ethical considerations precluded her from "accept[ing] a pleading from a client with the instruction that I should not change or alter the pleading other than to make additions." During the hearing, Johnson stated he wished to withdraw his brief. Johnson and his attorney explained to the court the parameters he placed on the attorney's representation:

MS. HEIGAARD McGURRAN: Thank you, Your Honor. As the submission that I filed with the Court along with Mr. Johnson's brief indicated, when I received the, the brief from Mr. Johnson, I, after reviewing it, and along with the instructions that I received from him, I didn't feel that I was in a position to be able to submit anything other than the brief that he had provided to me.

He provided me very specific instructions that I was not to materially alter or take away anything from the brief that he had filed. I was instructed that I could add to it. After reviewing everything, as my pleading indicates, I came to the conclusion that I, the only option for me was to file the brief as it had been provided to me.

Mr. Johnson and I—since then, I have provided Mr. Johnson with a detailed letter discussing my position regarding his brief and the way in which this matter is set to proceed. I believe that there have always been some issues between Mr. Johnson and I as to disagreements on how to handle these issues. I believe now, on the basis of some conversations that we have had recently, and also on the, the basis of his wish now to withdraw this brief and have me submit a brief and these requests, I believe that there, there exists, Your Honor, conflicts that make it impossible for me to continue to represent Mr. Johnson. He doesn't agree with the positions that I have shared with him, with my positions that I have shared with him regarding the continuance of this matter, the approaches to this matter and how things need to be handled or should be handled. I believe that those, that for me to continue to act as his attorney would create an impermissible, would possibly require me to act in a manner that would be inconsistent with the Rules of Professional Conduct.

THE DEFENDANT: Your Honor, I think that it would be good to have Ms. McGurran continue to do as she has done, go ahead and get this case behind, get her to submit her brief.... Ms. McGurran should have provided me a copy of the brief. I clearly felt it was exception [sic] on her behalf to tell me to submit my brief knowing if I would have submitted her brief—without her submitting her brief, at that time that when it come time to go to the appellate court the appellate court would not have heard my brief because she would have not signed off on my brief. So I want her to

submit her brief, get a ruling on her, from her brief. That way I can come in and submit my brief and we'll have everything open and exposed to the lower courts as well as to the higher courts so that we can get a correct ruling on this case.

I—the case has been, there's been deception all the way through the whole case. Ms. McGurran has not represented me to the fullest but that's okay. I believe to be, just as you said before, that when she wanted to withdraw she should go ahead and represent me to the fullest. I want her to submit her brief, the prosecutor to submit his brief, get me a copy of the briefs so I can review them, give me a copy of the ruling so that then I can go ahead and submit my brief and appeal it to the appellate court if it is not according to what I'm requesting. That way everything can be brought out into the open to you, Your Honor, as well as to the appellate court.

The court refused to postpone the hearing, allow counsel to withdraw, or allow Johnson to withdraw his brief, and accepted any arguments from either Johnson or his attorney.

[¶ 20] A criminal defendant has either a constitutional right to counsel, or a constitutional right of self-representation. *See City of Fargo v. Rockwell,* 1999 ND 125, ¶ 8, 597 N.W.2d 406. Under certain circumstances, a court may appoint standby counsel in its discretion to assist a defendant and to represent the defendant if termination of self-representation is necessary. *Rockwell,* at ¶ 18. However, a criminal defendant has no constitutional right to "hybrid" representation and to act as co-counsel with his attorney. *See State v. Ochoa,* 2004 ND 43, ¶ 29, 675 N.W.2d 161; *Rockwell,* at ¶ 18. Johnson's allegation of ineffective assistance relates solely to his post-conviction attorney's failure to act as hybrid co-counsel in the proceed-

ings, a type of representation to which Johnson was not entitled. Johnson had the option of either allowing his attorney to file a brief on his behalf or filing a brief on his own behalf. He could not demand the filing and consideration of both briefs. Because Johnson had no right to demand that his counsel file a brief in addition to the one he filed on his own behalf, we conclude as a matter of law that post-conviction counsel's performance did not fall below an objective standard of reasonableness.

[¶ 21] Johnson argues on appeal that his attorney was ineffective for failing to warn him of the consequences of his demand for hybrid counsel. Although Johnson complained in the motion to amend about not receiving the attorney's letter explaining her position until only five days before the hearing, Johnson did not assert in district court that the attorney was ineffective for failing to explain the consequences of his demand for hybrid counsel. Because Johnson failed to raise this issue in the district court, we will not address it for the first time on appeal. *See Bay v. State,* 2003 ND 183, ¶ 14, 672 N.W.2d 270.

[¶ 22] We conclude Johnson's claim of ineffective assistance of post-conviction counsel is without merit.

### III

[¶ 23] The order denying Johnson's application for post-conviction relief and the order denying his motion to amend that order are affirmed.

[¶ 24] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.