2004 ND 200

**Randy Scott JENSEN, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20040137.**

Supreme Court of North Dakota.

Nov. 2, 2004.

Randy Scott Jensen, pro se, Fargo, N.D., petitioner and appellant.

David Thomas Jones, Assistant State's Attorney, and Kelly D. Crammer, Senior Legal Intern, Grand Forks, N.D., for respondent and appellee; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Randy Scott Jensen appeals from a judgment dismissing his application for post-conviction relief. We affirm, holding Jensen's claims for post-conviction relief are res judicata and a misuse of process.

## I

[¶ 2] Jensen was convicted of driving while his license was revoked, driving under the influence, and giving a false report to law enforcement. We affirmed those convictions in *State v. Jensen*, 2001 ND 117, ¶ 1, 636 N.W.2d 674, holding Jensen was afforded a preliminary hearing and was not entitled to dismissal of the charge of driving under the influence, the trial court did not abuse its discretion in admitting Jensen's driving abstract into evidence, and the evidence was sufficient to sustain his conviction for driving under the influence. Jensen thereafter was convict-

ed of bail jumping for failing to appear at an arraignment in the underlying prosecution for driving under the influence, and we affirmed that conviction in *State v. Jensen*, 2001 ND 159, ¶ 1, 639 N.W.2d 706, holding the trial court did not abuse its discretion in refusing to grant Jensen's motion for acquittal under N.D.R.Crim.P. 29, and there was sufficient evidence in the record to support the conviction.

[¶ 3] In January 2002, Jensen applied for post-conviction relief. The trial court dismissed Jensen's application, and he appealed, asserting:

(1) prosecutorial misconduct in presenting false testimony and alteration of court documents, (2) ineffective assistance of counsel, (3) violation of his due process rights under the United States Constitution, (4) improper charge and conviction of failing to appear for a hearing, (5) denial of court-appointed counsel, and (6) illegal extradition.

*Jensen v. State*, 2003 ND 28, ¶ 4, 660 N.W.2d 232 (outlining in a subsequent case the issues on an earlier appeal). We summarily affirmed the dismissal in *Jensen v. State*, 2002 ND 184, ¶ 1, 655 N.W.2d 84.

[¶ 4] In March 2002, Jensen applied for post-conviction relief, and the trial court denied that application. Jensen thereafter filed an amended application for post-conviction relief. The trial court denied his amended application, and he appealed, raising the following issues:

(1) the statute of limitations; (2) lack of an initial appearance; (3) improper joinder of charges; (4) instructing the jury that the charge of driving under the influence was a class C felony; (5) insufficiency of the evidence to support the conviction of making a false report; (6) untimely filing of an information in connection with an allegedly forged waiver of a preliminary hearing; (7) evidence and jury instruction about Jensen's re-

fusal to consent to a chemical test to determine the alcohol content of his blood; (8) prosecutorial misconduct; (9) denial of counsel for a pretrial hearing on October 3, 2000; (10) ineffective assistance of trial and direct appeal attorneys; and (11) denial of appointed counsel for post-conviction proceedings and the appeal from the denial of his application for post-conviction relief.

*Jensen*, 2003 ND 28, ¶ 5, 660 N.W.2d 232. We summarily affirmed in *Jensen*, 2003 ND 28, ¶ 6, 660 N.W.2d 232.

[¶ 5] In December 2003, Jensen filed this application for post-conviction relief, raising ten claims. Jensen also sought recusal of the trial judge. The State responded that the issues raised by Jensen had been previously addressed on several occasions. The trial court denied Jensen's motion for recusal and his application for post-conviction relief, stating all ten issues had been addressed on several occasions by itself, the jury, and the North Dakota Supreme Court.

[¶ 6] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 29–32.1–03. Jensen's appeal is timely under N.D.C.C. § 29–32.1–14 and N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

II

[¶ 7] On appeal, Jensen asserts the arraignment at which he failed to appear, the order to appear, and the conviction for bail jumping were null and void; the trial court did not have personal jurisdiction over him in the prosecution for driving under the influence; the conviction for bail jumping was void because the cross-examination of his former attorney violated the attorney-client privilege; he was denied a fair and

unbiased judge; the State did not satisfy its burden of proving he had notice of the arraignment at which he failed to appear; the imposition of a jail sentence followed by a period of probation violated double jeopardy and due process; he had ineffective assistance of counsel at his trials and in his direct appeals; and he was denied counsel for his post-conviction proceedings.

[¶ 8] The trial court denied Jensen's application for post-conviction relief without an evidentiary hearing. Our review of a summary denial of post-conviction relief is like the review of an appeal from a summary judgment. *Greybull v. State*, 2004 ND 116, ¶ 2, 680 N.W.2d 254. In seeking summary disposition, the movant bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and the movant is entitled to judgment as a matter of law. *Id.*

[¶ 9] Under N.D.C.C. § 29–32.1–12(1) and (2), an application for post-conviction relief may be denied on the grounds of res judicata and misuse of process. Under N.D.C.C. § 29–32.1–12(1), a claim is res judicata if it was fully and finally determined in a previous proceeding. Under N.D.C.C. § 29–32.1–12(2), misuse of process occurs when the applicant presents a claim for relief that the applicant inexcusably failed to raise in the proceeding leading to conviction or in a previous post-conviction proceeding, or if the applicant files multiple applications containing claims so lacking in factual support or legal basis as to be frivolous. Post-conviction proceedings are not intended to allow defendants multiple opportunities to raise the same or similar issues, and defendants who inexcusably fail to raise all of their claims in a single post-conviction proceeding misuse the post-conviction process by initiating a subsequent application raising issues that could have been raised in the earlier proceeding. *Johnson v. State*, 2004 ND 130, ¶ 13, 681 N.W.2d 769. Defendants are not entitled to post-conviction relief when their claims are variations of previous claims that have been rejected. *Garcia v. State*, 2004 ND 81, ¶ 22, 678 N.W.2d 568.

[¶ 10] Jensen's claims in this application for post-conviction relief mirror the issues he raises in this appeal. The issues, or variation of issues, raised by Jensen in this proceeding were either raised in previous proceedings or, if not raised previously, Jensen has offered no excuse or justification for failing to raise those claims in prior proceedings. We conclude those issues were either fully and finally determined in previous proceedings and are res judicata, or constitute a misuse of process, because Jensen has offered no excuse or justification for failing to raise those claims in prior proceedings.

[¶ 11] Jensen nevertheless claims res judicata does not apply to this case because res judicata and misuse of process apply only to fact claims. Jensen has cited no persuasive authority to support his claim, and our law does not support that claim. *See Murchison v. State*, 2003 ND 38, ¶ 16, 658 N.W.2d 320 (res judicata precludes speedy trial claim, or variation of speedy trial claim, raised in prior post-conviction proceeding); *Red Paint v. State*, 2002 ND 27, ¶¶ 10–11, 639 N.W.2d 503 (res judicata and misuse of process preclude self-incrimination claim raised in direct appeal).

III

[¶ 12] Jensen claims he was wrongly denied counsel for this post-conviction proceeding and for his prior post-conviction proceedings. To the extent Jensen claims he was wrongly denied counsel for his prior post-conviction pro-

ceedings, that issue has been rejected in a prior appeal. *See Jensen*, 2003 ND 28, ¶ 5, 660 N.W.2d 232.

[¶ 13] The appointment of post-conviction counsel is a matter of trial court discretion, and we will not reverse a trial court's refusal to appoint counsel absent an abuse of that discretion. *Crumley v. State*, 2000 ND 110, ¶ 11, 611 N.W.2d 165. A trial court should read applications for post-conviction relief in the light most favorable to the applicant, and when a substantial issue of law or fact may exist, the trial court should appoint counsel. *Id.* However, a trial court does not abuse its discretion in refusing to appoint counsel when the application for relief is completely without merit. *Id.* We conclude the trial court did not abuse its discretion in denying Jensen's request for court-appointed counsel for this proceeding.

## IV

[¶ 14] Jensen argues the judge in the post-conviction proceedings should have recused herself. In February 2004, Jensen moved to recuse Judge Kleven and all judges in the Northeast Central Judicial District from acting upon his application for post-conviction relief. Jensen claimed all five judges in that district have their offices or main chambers in the same building, and Judge Kleven was a friend of the judge who denied him a fair and unbiased trial in his underlying criminal case. We have effectively rejected Jensen's claims that he was deprived of a fair and unbiased trial in prior proceedings, and we conclude Jensen's bald and unsupported assertions in this proceeding were not sufficient to require Judge Kleven to recuse herself.

## V

[¶ 15] We affirm the judgment denying Jensen post-conviction relief.

[¶ 16] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.