2007 ND 123

**Randal R. STEEN, Applicant and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20060349.**

Supreme Court of North Dakota.

July 25, 2007.

Randal R. Steen (pro se), Bismarck, N.D.

Cynthia M. Feland, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Randal R. Steen appeals from an order denying his second application for post-conviction relief under N.D.C.C. ch. 29–32.1. We affirm, concluding Steen's claims for post-conviction relief are barred by res judicata and misuse of process, Steen failed to establish a factual basis for his claim for ineffective assistance of post-conviction counsel, and the district court properly refused to enjoin the State from certain prison disciplinary procedures.

I

[¶ 2] The underlying factual basis for this appeal is set forth in *State v. Steen*, 2004 ND 228, 690 N.W.2d 239 ("*Steen I*") and *State v. Steen*, 2005 ND 199, 709 N.W.2d 21 ("*Steen II*"), and will not be repeated here except as necessary to assist in resolving the issues raised in this appeal. In October 2002, a jury convicted Steen of manufacturing methamphetamine, possession of methamphetamine, and two counts of possession of drug paraphernalia. On December 12, 2002, Steen appealed from the criminal judgment entered upon that verdict.

[¶ 3] On July 1, 2003, while his direct appeal was pending, Steen filed his first application for post-conviction relief in the district court, and this Court stayed his direct appeal. In that application, Steen claimed he received ineffective assistance of trial counsel and was denied due process. He asserted his trial counsel permitted him to appear at trial in prison attire, failed to object to certain testimony regarding outstanding warrants, failed to object adequately to alleged evidence contamination at the State laboratory, failed

to object to or reject certain jurors, and failed to object to alleged prosecutorial misconduct in closing argument.

[¶ 4] Steen was subsequently appointed counsel for his first post-conviction proceeding, and in September 2003, Steen filed an addendum to his post-conviction application, asserting he received ineffective assistance of trial counsel based upon counsel's failure to raise an alleged *Miranda* violation and to contradict or challenge other specific testimony. On December 11, 2003, Steen filed a second addendum to his application, arguing ineffective assistance of trial counsel in failing to attempt to suppress evidence seized under a search warrant.

[¶ 5] A hearing was held on Steen's first application for post-conviction relief in December 2003. In January 2004, the district court denied Steen's first application for post-conviction relief. Based upon the record provided, the court ruled Steen did not receive ineffective assistance of trial counsel and was not denied due process. The court stated it had not been furnished transcripts of the trial and other proceedings relevant to the application and there was no justification for the failure to provide those transcripts despite permitting Steen and his post-conviction counsel additional time after the hearing to file those transcripts. The district court thereafter denied Steen's motion for reconsideration of the order denying him post-conviction relief. Steen appealed from the order denying his first application for post-conviction relief on February 19, 2004. Steen's separate appeals from the criminal judgment and from the order denying him post-conviction relief were consolidated, and Steen elected to represent himself in those appeals.

[¶ 6] In those appeals, Steen argued the district court erred in denying post-conviction relief "based on warrantless entry, search, seizure and arrest," and "based on ineffective assistance of counsel." In *Steen I*, 2004 ND 228, ¶ 21, 690 N.W.2d 239, this Court affirmed Steen's conviction and the order denying him post-conviction relief. This Court addressed his arguments within the context of the post-conviction proceeding, because "[a]lthough Steen filed appeals from both the criminal judgment and the order denying his motion for post-conviction relief, his arguments on appeal all relate[d] solely to the post-conviction proceeding." *Id.* at ¶ 6. This Court concluded the district court did not err "in determining that trial counsel's failure to move to suppress evidence did not constitute ineffective assistance of counsel" and "did not err in concluding Steen had failed to establish that counsel's alleged errors were prejudicial or probably affected the result of the trial." *Id.* at ¶¶ 15, 20–21. We also considered the remaining issues and arguments, holding them to be either without merit or unnecessary to our decision. *Id.* at ¶ 21.

[¶ 7] In May 2005, Steen moved the district court for a new trial under N.D.R.Crim.P. 33(d), submitting evidence which he claimed showed he was actually innocent of the charges for which he was convicted. The district court denied his motion, and we summarily affirmed the district court's denial of his motion for a new trial. *Steen II*, 2005 ND 199, 709 N.W.2d 21.

[¶ 8] In July 2006, Steen, again representing himself, filed his second application for post-conviction relief which is at issue in this case. In this application, Steen asserted nine grounds for post-conviction relief, including the State failed to carry its burden of proving that he manufactured methamphetamine, that he used the paraphernalia to inhale or ingest methamphetamine, that he intended to use paraphernalia, that he possessed the

methamphetamine, and that he possessed the various items found in the search of a motel room. Steen also asserted "constructive" possession is not forbidden under the law and the legal definition for possession is insufficient to state an offense. Steen further asserted he was forced to be a witness against himself because he was compelled to appear at trial in prison attire due to ineffective assistance of trial counsel. He also asserted he received ineffective assistance of trial counsel, appellate counsel, and post-conviction counsel for not effectively pursuing the aforementioned issues at trial, on appeal, or in the first post-conviction relief proceeding.

[¶ 9] The State responded to Steen's application asserting res judicata and misuse of process. In August 2006, Steen moved to enjoin the State from interfering with his ability to prosecute his second application for post-conviction relief. In September 2006, Steen filed a "motion for judgment on the pleadings/summary disposition," referencing his second application, asserting that the State's response to his application was insufficient, that judgment on the pleadings was appropriate, and that "a default evidentiary hearing [was] not needed because the State [had] confessed to the merits of the post-conviction application." The State again responded by asserting res judicata and misuse of process.

[¶ 10] In October 2006, the district court summarily denied Steen's application, holding Steen's claims were barred by res judicata because his application and motions previously had been addressed and adjudicated by the court. The court also held it was without jurisdiction to address Steen's request to enjoin the State from certain disciplinary procedures within the Department of Corrections because that request was not within the purview of

N.D.C.C. ch. 29–32.1. Steen appeals from the order denying his second application for post-conviction relief.

## II

[¶ 11] Steen argues the district court improperly applied the doctrine of res judicata in denying his second application for post-conviction relief.

[¶ 12] "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." *Laib v. State*, 2005 ND 187, ¶ 11, 705 N.W.2d 845. A petitioner for post-conviction relief has the burden of establishing grounds for post-conviction relief. *Steen I*, 2004 ND 228, ¶ 9, 690 N.W.2d 239.

[¶ 13] An application for post-conviction relief may be denied under N.D.C.C. § 29–32.1–12 on grounds of res judicata or misuse of process. Relief may be denied as res judicata under N.D.C.C. § 29–32.1–12(1) if the same claim or claims were "fully and finally determined in a previous proceeding." Under N.D.C.C. § 29–32.1–12(2), misuse of process occurs when a post-conviction relief applicant "[p]resents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding," or if the applicant "[f]iles multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous." *See, e.g., Jensen v. State*, 2004 ND 200, ¶ 9, 688 N.W.2d 374. "Post-conviction proceedings are not intended to allow defendants multiple opportunities to raise the same or similar issues, and defendants who inexcusably fail to raise all of their claims in a single post-conviction proceeding misuse the post-conviction process by initiating a subsequent application raising issues that could have been raised in the earlier pro-

ceeding." *Id.* (citing *Johnson v. State,* 2004 ND 130, ¶ 13, 681 N.W.2d 769). This Court has explained that "[d]efendants are not entitled to post-conviction relief when their claims are merely variations of previous claims that have been rejected." *Id.* (citing *Garcia v. State,* 2004 ND 81, ¶ 22, 678 N.W.2d 568). Generally, the applicability of res judicata is a question of law and is fully reviewable on appeal. *See Ungar v. North Dakota State Univ.,* 2006 ND 185, ¶ 10, 721 N.W.2d 16.

### III

#### A

[¶ 14] Although the district court denied Steen's claims only on the ground of res judicata, Steen's application could have been rejected under both res judicata and misuse of process. *See, e.g., Flanagan v. State,* 2006 ND 76, ¶ 7, 712 N.W.2d 602 (res judicata precluded claim of trial court's failure to instruct jury on element of criminal offense); *Jensen,* 2004 ND 200, ¶¶ 10–11, 688 N.W.2d 374 (res judicata and misuse of process precluded issues or variations of issues which were either raised in previous proceedings or, if not previously raised, offered no excuse for justification for failing to raise those claims in the prior proceedings); *Murchison v. State,* 2003 ND 38, ¶ 16, 658 N.W.2d 320 (res judicata precluded speedy trial claim or variation raised in prior post-conviction proceeding); *Red Paint v. State,* 2002 ND 27, ¶¶ 10–11, 639 N.W.2d 503 (res judicata and misuse of process precluded self-incrimination claim raised in previous appeal).

[¶ 15] Steen argues the district court erred in applying res judicata to his claims because the underlying criminal judgment is void. Steen then contends essentially that the criminal judgment is void based upon seven grounds which he asserts constitutes insufficiency of evidence and the failure of the State to carry its burden, and on two grounds which assert ineffective assistance of counsel. However, Steen's arguments regarding the validity of the criminal judgment are simply variations of the issues of insufficiency of evidence and ineffective assistance of counsel, which we now address.

[¶ 16] In his application, Steen presents grounds alleging insufficiency of evidence and the State's alleged failure to meet its burden of proof. These issues could have and should have been raised in prior proceedings, including his previous direct appeal, but were not. These claims and variations thereof are therefore barred as a misuse of process. To the extent Steen argues these issues were raised, but not "effectively" pursued, they are barred by res judicata.

[¶ 17] Likewise, Steen's assertion in this appeal that he received ineffective assistance of trial counsel is barred by res judicata. Issues regarding alleged ineffective assistance of trial counsel were raised, considered, and adjudicated in the first post-conviction proceeding and in his previous appeal. *See Steen I,* 2004 ND 228, ¶¶ 15, 20–21, 690 N.W.2d 239. Steen also appears to claim ineffective assistance of his trial counsel based upon an alleged failure to pursue issues regarding insufficiency of evidence or the State's alleged failure to carry its burden of proof. However, these claims are barred as a misuse of process because they also could have been raised in the prior proceedings in which ineffective assistance of trial counsel was at issue.

[¶ 18] To the extent Steen also argues he received ineffective assistance of appellate counsel, his claim fails because he represented himself in the consolidated appeals of the criminal judgment and the denial of his first application for post-conviction relief. *See, e.g., State v. Loughead,*

2007 ND 16, ¶ 22, 726 N.W.2d 859 (self-representation waived argument of ineffective assistance of counsel).

[¶ 19] To the extent Steen raises an issue regarding ineffective assistance of post-conviction counsel during his first post-conviction relief proceeding, his claim is also without merit. A defendant claiming ineffective assistance of counsel must prove: "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance." *Flanagan*, 2006 ND 76, ¶ 10, 712 N.W.2d 602 (citation omitted). To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, and the defendant must specify how and where counsel was incompetent and the probable different result. *Heckelsmiller v. State*, 2004 ND 191, ¶ 4, 687 N.W.2d 454.

[¶ 20] In pursuing the present post-conviction relief application, Steen told the district court there were no fact issues to resolve and so he did not seek an evidentiary hearing. Based on this record, Steen has not carried his burden of establishing that any alleged errors by his counsel in the first post-conviction proceeding were prejudicial and that the result of the proceeding would have been different. We conclude Steen failed to carry his burden of establishing ineffective assistance of his post-conviction counsel.

**B**

[¶ 21] Steen asserts the district court's order is insufficient with respect to its res judicata decision because the court failed to find "why and where each ground had been previously addressed and adjudicated" or that the "grounds had been actually decided."

[¶ 22] This Court has said the failure to make explicit findings of fact and conclusions of law may be harmless. *See, e.g.,* *Johnson v. State*, 2006 ND 122, ¶ 23, 714 N.W.2d 832 (holding record demonstrated that the lack of more specific findings of fact and conclusions of law was harmless); *State v. Raulston*, 2005 ND 212, ¶ 19, 707 N.W.2d 464 (stating that "[w]hile we do not encourage district courts to engage in such a 'minimalist' approach, we conclude based on the record before us that the failure to make more explicit findings and conclusions was harmless error").

[¶ 23] The court's order denying Steen's second application for post-conviction relief was succinct, but did take judicial notice of Steen's prior petition for post-conviction relief and stated that the issues raised by Steen in the present application had been previously considered by the district court and by this Court. Although we conclude the district court's legal conclusions that all of Steen's claims were barred by res judicata were overly broad, his remaining claims are appropriately denied on grounds of misuse of process and his failure to show ineffective assistance of his post-conviction counsel. Therefore, the district court did not err in denying Steen's application for post-conviction relief.

**IV**

[¶ 24] Steen argues the district court erred in concluding it lacked jurisdiction in this proceeding to enjoin the State from certain prison disciplinary procedures.

[¶ 25] We have explained that "[o]ur statutory law gives the warden authority and control over the penitentiary and its inmates." *Larson v. Schuetzle*, 2006 ND 78, ¶ 7, 712 N.W.2d 617 (discussing N.D.C.C. §§ 12–47–11 and 12–47–12).

"[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). " '[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves.' " *Id.* at 546–47, [441 U.S. 520] 99 S.Ct. 1861 [60 L.Ed.2d 447]. "Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry." *Id.* at 547, [441 U.S. 520] 99 S.Ct. 1861 [60 L.Ed.2d 447]. Prison administrators are entitled to deference in the adoption and execution of policies intended "to preserve internal order and discipline and to maintain institutional security." *Id.* *Larson,* 2006 ND 78, ¶ 8, 712 N.W.2d 617.

[¶ 26] Within the context of an application for post-conviction relief, N.D.C.C. § 29–32.1–01(2) specifically states, "A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence." Here, Steen's motion essentially claims that by disciplining another inmate who was providing legal assistance to Steen, the State interfered in the prosecution of his application for post-conviction relief. Steen's motion for relief was part of his second application for post-conviction relief. On appeal, Steen asserts the district court had subject-matter jurisdiction to consider his motion and to issue a "writ in aid of [its] post-conviction jurisdiction," enjoining the State "from obstructing Steen's ability to appear and prosecute his post-conviction action."

[¶ 27] Section 29–32.1–01(2), N.D.C.C., precludes a challenge to prison disciplinary matters in a post-conviction proceeding, and we affirm the district court's refusal to consider Steen's motion to enjoin the State within this post-conviction proceeding.

V

[¶ 28] The order denying Steen's application for post-conviction relief is affirmed.

[¶ 29] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER and MARY MUEHLEN MARING, JJ., concur.