2017 ND 66

**Daniel J. MYERS, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee**

No. 20160256

Supreme Court of North Dakota.

Filed 03/30/2017

Samuel A. Gereszek, P.O. Box 4, East Grand Forks, MN 56721–0004, for petitioner and appellant.

Derek K. Steiner, Assistant State's Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for respondent and appellee.

Tufte, Justice.

[¶ 1] Daniel Myers appeals from a district court order summarily dismissing his application for postconviction relief. We affirm, concluding Myers' postconviction relief application was a misuse of process.

I

[¶ 2] In April 2012, Myers pled guilty to aggravated assault domestic violence, a class C felony. The district court sentenced Myers to five years' imprisonment, with five years suspended and five years of supervised probation. In August 2012, Myers pled guilty in three additional criminal cases involving theft of property, possession of drug paraphernalia, carrying a concealed weapon, hindering law enforcement, and driving while license suspended. The district court sentenced Myers to five years' imprisonment, with five years suspended and three years of supervised probation. The August 2012 judgments stated the sentences for all of the crimes would run concurrent to each other. The August 2012 judgments did not state whether the sentences would run concurrent or consecutive to Myers' April 2012 aggravated assault sentence.

[¶ 3] In April 2013, the State petitioned to revoke Myers' probation in all four criminal cases after Myers tested positive for methamphetamine. The district court revoked Myers' probation and entered amended criminal judgments sentencing him to ten years' imprisonment through a variation of concurrent and consecutive sentences in all of the cases.

[¶ 4] Myers applied for postconviction relief in August 2013, claiming the court failed to advise him that revocation of his probation could result in additional prison time. The district court denied the application after holding an evidentiary hearing. Myers appealed and argued he received an illegal sentence and the district court improperly extended his sentence after revoking his probation. This Court summarily affirmed in Myers v. State, 2015 ND 54, ¶ 1, 861 N.W.2d 172, concluding Myers did not raise the issue regarding the legality of his sentence in his postconviction relief application.

[¶ 5] In April 2015, Myers filed another application for postconviction relief, claiming his sentence after revocation was not authorized by law and the district court should have sentenced him to five years' imprisonment instead of ten years. The State moved to dismiss Myers' application for postconviction relief, arguing Myers misused the postconviction relief process by inexcusably failing to raise his grounds for relief in his earlier application for postconviction relief. The district court summarily dismissed his application without a hearing.

II

[¶ 6] Myers argues the district court erred in summarily dismissing his application for postconviction relief. He argues the court failed to address the issues raised in his application.

[¶ 7] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." Wacht v. State, 2015 ND 154, ¶ 6, 864 N.W.2d 740 (quoting Haag v. State, 2012 ND 241, ¶ 4, 823 N.W.2d 749). A district court may summarily dismiss an application for postconviction relief if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. N.D.C.C. § 29–32.1–09(3). A court may also summarily dismiss "a second or successive application for similar relief on behalf of the same applicant." N.D.C.C. § 29–32.1–09(1). This Court reviews an appeal from summary dismissal of postconviction relief as it would review an appeal from a summary judgment. Wacht, at ¶ 6. "The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." Id.

[¶ 8] Myers argues the district court failed to address his argument regarding the legality of his sentence raised in his April 2015 postconviction relief application. The State agrees the court did not address the legality of Myers' sentence; however, the State believes the court reached the right result under the wrong reasoning. The State argues the court should have summarily dismissed Myers' application because he misused the postconviction relief process by not raising the legality issue in his August 2013 application for postconviction relief. We agree with the State.

[¶ 9] Under N.D.C.C. § 29–32.1–12(2)(a), misuse of process occurs "when the applicant [p]resents a claim for relief which the applicant inexcusably failed to raise . . . in a previous postconviction proceeding." The State may plead misuse of process as an affirmative defense to an application for postconviction relief. N.D.C.C. § 29–32.1–12(3). Applicants for postconviction relief must raise all of their claims in a single proceeding because postconviction relief proceedings are not intended to allow applicants multiple attempts to raise the same or similar issues. Steen v. State, 2007 ND 123, ¶ 13, 736 N.W.2d 457. "[D]efendants who inexcus-

ably fail to raise all of their claims in a single post-conviction proceeding misuse the post-conviction [relief] process by initiating a subsequent application raising issues that could have been raised in the earlier proceeding." Id. (quoting Jensen v. State, 2004 ND 200, ¶ 9, 688 N.W.2d 374). A defendant filing a subsequent application for postconviction relief does not misuse the process if he or she establishes an excuse, such as newly discovered evidence, that could not have been raised in the first postconviction relief application. Garcia v. State, 2004 ND 81, ¶ 22, 678 N.W.2d 568.

[¶ 10] We will not set aside a district court's decision simply because the court applied an incorrect reason, if the result is the same under the correct law and reasoning. See Schmidt v. City of Minot, 2016 ND 175, ¶ 16, 883 N.W.2d 909. The district court here reached the right result, but for the wrong reason.

[¶ 11] Myers correctly asserts the district court did not address his argument regarding the legality of his sentence after revocation of his probation. In its order dismissing Myers' April 2015 postconviction relief application, the court framed Myers' issue as "his understanding of the maximum sentence he could receive." The court summarily dismissed Myers' April 2015 application under N.D.C.C. § 29–32.1–09(1) because "the issue of whether Myers understood the maximum sentence he could receive has already been addressed by the court." Myers' understanding of the maximum sentence he could receive upon revocation of probation was not raised as a ground for relief in his April 2015 application for postconviction relief. Myers raised that ground in his August 2013 postconviction relief application.

[¶ 12] Here, Myers' April 2015 application for postconviction relief chal-

lenged the legality of his sentence after revocation of his probation. Myers attempted to argue this issue on appeal from the district court's denial of his August 2013 postconviction relief application, but this Court held he did not properly raise that argument to the district court. Myers, 2015 ND 54, ¶ 1, 861 N.W.2d 172. Myers claims he intended to challenge the legality of his sentence in his first application, but his lack of understanding of the legal process created a communication barrier with his first attorney, who then failed to address the legality of his sentence with the district court. Neither miscommunication with counsel nor misunderstanding of the legal process excuse Myers' failure to include his illegal sentence claim in his first application to the district court. Myers asserts no newly discovered evidence that could not have been raised in an earlier postconviction relief application. See Garcia, 2004 ND 81, ¶ 22, 678 N.W.2d 568. We conclude Myers misused the postconviction relief process by raising in this application a claim that could have been raised in his first application. The district court did not err in summarily dismissing Myers' April 2015 application for postconviction relief.

### III

[¶ 13] We affirm the order summarily dismissing Myers' application for postconviction relief.

[¶ 14] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.