2000 ND 110

**Abram O. CRUMLEY, Petitioner and Appellant,**

v.

**The STATE of North Dakota, Respondent and Appellee.**

No. 990226.

Supreme Court of North Dakota.

May 25, 2000.

Abram O. Crumley, pro· se, Bismarck, ND, petitioner and appellant.

Brian David Grosinger, Assistant State's Attorney, Mandan, ND, for respondent and appellee.

MARING, Justice.

[¶ 1] Abram O. Crumley appeals from a judgment denying his application for post-conviction relief. We affirm the judgment.

## I.

[¶ 2] On March 31, 1994, Crumley pled guilty to two counts of Endangering by Fire and one count of Conspiracy to Commit Endangering by Fire, for which he was sentenced to three 5–year sentences to be served concurrently. He also pled guilty to one count of Possession of Stolen property, receiving a 5–year sentence which was "to be served consecutively to the sentence [he] received" on the endangering by fire and conspiracy counts. Finally, Crumley pled guilty to one count of Dealing in Stolen Property, for which he was sentenced to a term of 5 years, "to be served consecutive to the sentences [he] received" on the other charges. In all three criminal judgments the trial court stated the sentences were to commence on August 17, 1993.

[¶ 3] On March 21, 1999, Crumley filed a Motion to Clarify and Correct the Judgment and Commitment, claiming the North Dakota State Penitentiary was incorrectly applying his sentence. The trial court treated the motion as one for a correction of an illegal sentence under N.D.R.Crim,P. 35(a). The trial court concluded Crumley's sentences were authorized by law and were clear and definite, and the court denied Crumley's motion.

[¶ 4] Crumley then filed an application for post-conviction relief, again challenging his sentence, and also filed a motion requesting that the trial court appoint counsel to represent him in his application for post-conviction relief. The trial court denied the application for post-conviction relief and the request for counsel in the same order. The trial court stated Crumley's argument regarding his sentence had previously been resolved by the order denying his motion for clarification and correction of the criminal judgments. The trial court concluded Crumley essentially wished to reject the plea agreements he made and that Crumley's arguments were unsupported and unpersuasive. Crumley appeals from the judgment entered upon the trial court's order.

## II.

[¶ 5] Crumley first argues that this Court should reverse the judgment denying his application for post-conviction relief because the record does not reveal he received the statutorily mandated notice of his right to apply for post-conviction counsel. We disagree.

[¶ 6] Section 29–32.1–03(6), N.D.C.C. imposes a mandatory obligation upon the clerk of district court to notify a prisoner that post-conviction counsel may be available and of the procedure for obtaining counsel. In *State v. DeCoteau*, we held that the clerk's failure to fulfill this legislatively mandated obligation is reversible error. 464 N.W.2d 605, 606–07 (N.D. 1990); *see also GreyBull v. State*, 2000 ND 8, ¶ 3, 604 N.W.2d 440. However, in both *DeCoteau* and *GreyBull*, the applicants for post-conviction relief did not apply for counsel; the records in those cases contained no indication the applicants had actual knowledge of their right to apply. In contrast, the record in this case clearly shows Crumley knew of his right to apply for counsel, despite the clerk's failure to notify him, because he exercised that right by filing a motion requesting the appointment of counsel.

[¶ 7] We conclude the evidence in the record of Crumley's actual knowledge is dispositive of this issue. We have previously adhered to an actual knowledge standard in cases involving the running of the time for appeal, stating that "actual knowledge of entry of a judgment or order commences the running of the time for appeal where the actual knowledge is clearly evidenced in the record." *Gierke v. Gierke*, 1998 ND 100, ¶ 7, 578 N.W.2d 522. We have stated such actual knowledge is clearly evidenced when the record shows some affirmative action has been taken. *Id.* at ¶ 11. In this case, Crumley's motion requesting the trial court to appoint counsel was an affirmative action indicating actual knowledge of the right to apply. Given this evidence of Crumley's actual knowledge, we conclude it is not necessary for us to reverse and remand for the clerk of district court to provide Crumley with notice.

### III.

[¶ 8] Crumley next presents three interrelated arguments which we address together. First, Crumley takes issue with the sentences imposed upon his guilty pleas; essentially he argues the sentences are ambiguous because the judgments state the sentences are to be served consecutively, yet the sentencing judge ordered that all sentences were to commence on the same day. Second, Crumley argues the trial court abused its discretion in denying his request for post-conviction counsel. Third, Crumley contends the trial court erred in refusing to hold an evidentiary hearing on his application for post-conviction relief. We reject all three contentions.

[¶ 9] In its order denying Crumley's application for post-conviction relief, the trial court explained it had resolved Crumley's contention that the language of the sentence contained an ambiguity in its earlier order denying Crumley's motion for clarification and correction of the judgment. In that prior order, the trial court determined the sentencing court's intent that the sentences run consecutively was clear and that the sentencing court identified August 17, 1993, as the commencement date in order to give Crumley credit for 225 days for time served before sentencing. The trial court based its interpretation on an order issued by the sentencing court, which Crumley attached in support of his motion, in which that court expressly addressed the 225–day credit. We conclude the trial court's interpretation of Crumley's sentence was rational, and we decline to reverse it.

[¶ 10] In criminal sentencing, the trial court is allowed the widest range of discretion. *State v. McClean*, 1998 ND 21, ¶ 4, 575 N.W.2d 200. The sentences in this case were within the ranges allowed for the offenses to which Crumley pled guilty. Further, the trial court clearly stated that one 5–year sentence was to be served consecutively to the concurrent sentences already imposed and that another 5–year sentence was to be served consecutively to both the concurrent and previously imposed consecutive sentences. We conclude the trial court correctly concluded the sentencing court's intent was clear and, based on a rational interpretation of this sentence, the trial court's denial of post-conviction relief on this ground was proper.

[¶ 11] Based on that rational interpretation of Crumley's sentence, the trial court's decision to deny Crumley's motion requesting counsel was not an abuse of discretion. Under N.D.C.C. § 29–32.1–05(1), "[i]f an applicant requests appointment of counsel and the court is satisfied that the applicant is unable to obtain adequate representation, the court shall appoint counsel to represent the applicant." The appointment of post-conviction counsel is a matter of trial court discretion; we will not reverse the trial court's refusal to appoint counsel absent an abuse of that discretion. *State v. Fulks*, 1997 ND 143, ¶ 11, 566 N.W.2d 418. The trial court should read applications in the light most

favorable to the applicant, and when a substantial issue of law or fact may exist, the trial court should appoint counsel. *Murchison v. State*, 1998 ND 96, ¶ 18, 578 N.W.2d 514. It is not an abuse of discretion for the trial court to refuse to appoint counsel when the application for relief is completely without merit. *Id.* at ¶ 19. Even reading Crumley's application in the most favorable light, his challenge to his sentence fails to raise a substantial issue of law or fact. Therefore, the trial court did not abuse its discretion in denying his request for counsel.

[¶ 12] Finally, we conclude the trial court did not err in refusing to hold an evidentiary hearing to explore Crumley's contentions regarding his sentence. Under N.D.C.C. § 29-32.1-09(2), upon an application for post-conviction relief, "[i]f an evidentiary hearing is necessary, the court may determine which issues of material fact are in controversy and appropriately restrict the hearing." An applicant is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542. Crumley's arguments regarding his sentence did not raise an issue of fact which would make an evidentiary hearing necessary; the intent of the sentencing court could be determined from the face of the criminal judgments and the sentencing court's clarifying order. Therefore, we conclude no evidentiary hearing on this issue was necessary and the trial court did not err in refusing to hold one.

### IV.

[¶ 13] We conclude it is not necessary for this Court to reverse the judgment entered below based on the clerk of district court's failure to provide Crumley with the statutorily mandated notice of his right to apply for counsel because the record clearly shows Crumley had actual knowledge of that right. We also conclude the trial court rationally interpreted Crumley's sentence and that the trial

court's refusal to appoint counsel and hold an evidentiary hearing were not in error. We, therefore, affirm the judgment entered by the trial court denying Crumley's application for post-conviction relief.

[¶ 14] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.