2001 ND 126

**Richard Ardell HEYEN, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20000310.**

Supreme Court of North Dakota.

July 10, 2001.

Rehearing Denied Aug. 30, 2001.

Richard Ardell Heyen (submitted on brief), pro se, Jamestown, petitioner and appellant.

Brett M. Shasky, Assistant State's Attorney, Cass County Courthouse, Fargo, for respondent and appellee.

MARING, Justice.

[¶ 1] Richard Ardell Heyen appeals from a judgment dismissing his second application for post-conviction relief dated November 7, 2000. He also appeals from an order denying his request that specific materials be prepared concerning his post-conviction relief proceedings and an order denying his request for post-conviction counsel. We affirm.

## I

[¶ 2] On November 1, 1999, Heyen entered a guilty plea to charges of possession of a controlled substance, possession of a controlled substance with intent to deliver, and possession of drug paraphernalia. The trial court sentenced Heyen to serve concurrently two five-year terms of imprisonment and one seven-year term of impris-

onment. Heyen did not directly appeal the criminal judgment.

[¶ 3] On June 9, 2000, Heyen applied for post-conviction relief. In his application, Heyen asserted four grounds for relief, including denial of effective assistance of counsel; denial of his Fourth Amendment right against unreasonable search and seizure; right to post-conviction counsel; and that certain evidence would lead to the dismissal of charges against him. Heyen applied for post-conviction counsel on June 13, 2000, but due to his reported assets his request was denied. On August 3, 2000, the trial court summarily dismissed Heyen's application for relief. Judgment was entered August 10, 2000, and Heyen did not appeal the judgment.

[¶ 4] On September 15, 2000, Heyen filed an "amended application for post-conviction relief hearing," and the court entertained it as a second application for relief. Heyen once again applied for post-conviction counsel, and the trial court denied his request on October 2, 2000. Heyen asserted several claims for relief in his second post-conviction application, including those claims made in his first post-conviction application. On November 6, 2000, the trial court summarily dismissed Heyen's second application for relief stating "all the claims made by Petitioner in this current Petition for Post-[C]onviction Relief were fully and finally determined in the Court's Memorandum Opinion and Order, [filed August 3, 2000,] dismissing the Petitioner's first Petition for Post-[C]onviction Relief." Judgment was entered on November 7, 2000, and Heyen filed his Notice of Appeal on November 13, 2000.

[¶ 5] Heyen filed two additional motions on November 13, 2000. His first motion requested that specific transcripts, documents, and records be prepared with

regard to his post-conviction relief proceedings, and his second motion again requested the assignment of post-conviction counsel. The trial court denied these motions on November 14, 2000, and Heyen filed his Notice of Appeal on November 20, 2000.[1]

## II

[¶ 6] Under § 29–32.1–09(1), N.D.C.C., a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Syvertson v. State*, 2000 ND 185, ¶ 13, 620 N.W.2d 362. We review an appeal from a summary denial of post-conviction relief as we review an appeal from summary judgment. *Abdi v. State*, 2000 ND 64, ¶ 8, 608 N.W.2d 292. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Clark v. State*, 1999 ND 78, ¶ 5, 593 N.W.2d 329.

[¶ 7] The State's motion to dismiss Heyen's application asserted the affirmative defenses of res judicata and misuse of process under N.D.C.C. § 29–32.1–12(1) and (2). The trial court relied on the affirmative defense of res judicata in summarily dismissing Heyen's second application for relief. We conclude Heyen's claims for post-conviction relief are subject to both the affirmative defenses set forth in N.D.C.C. § 29–32.1–12(1) and (2).

[¶ 8] Heyen first argues he was denied certain constitutional rights. Specifically, he claims he was denied his Fourth Amendment right against unreasonable

---

1. We only address the post-conviction counsel issue as this is the only issue raised in Heyen's brief with regard to his second notice of appeal.

search and seizure when police officers searched his vehicle and his Fifth Amendment right against self-incrimination when police officers failed to read him Miranda warnings prior to questioning him.

[¶ 9] Under § 29–32.1–12(1), N.D.C.C., post-conviction applications may be denied if the same claims or claim has been fully and finally determined in a previous proceeding. *Clark*, 1999 ND 78, ¶ 8, 593 N.W.2d 329. Consequently, when claims have been raised previously on direct appeal or in a previous post-conviction application they cannot be raised again in a subsequent post-conviction application. *Id.*

[¶ 10] In his first application for post-conviction relief, Heyen contended he was denied his Fourth Amendment right against unreasonable search and seizure. The trial court disagreed and summarily dismissed his application. Judgment was entered August 10, 2000, but Heyen did not appeal the judgment. The issue regarding Heyen's Fourth Amendment right was fully and finally determined in his initial post-conviction application, and therefore, he is barred from raising the issue in a subsequent application. The trial court appropriately concluded this issue was barred under the doctrine of res judicata.

[¶ 11] The second affirmative defense found in N.D.C.C. § 29–32.1–12, misuse of process, occurs when a defendant inexcusably fails to pursue an issue in a proceeding leading to judgment of conviction, inexcusably fails to pursue an issue on appeal after having raised the issue in the trial court, or fails to raise an issue in an initial post-conviction proceeding. *Syvertson*, 2000 ND 185, ¶ 18, 620 N.W.2d 362. Heyen did not contend any Fifth Amendment violations in his initial application for relief, and he provides no explanation as to why he failed to raise the issue. Because Heyen inexcusably failed to raise the issue in either a direct appeal or in his initial application for post-conviction relief, we conclude the issue is barred under misuse of process, N.D.C.C. § 29–32.1–12(2).

[¶ 12] We also note that any constitutional violations which allegedly occurred prior to Heyen's guilty plea were effectively waived. Generally, an unconditional guilty plea waives all nonjurisdictional defects alleged to have occurred prior to the guilty plea. *Bell v. State*, 1998 ND 35, ¶ 14, 575 N.W.2d 211; *State v. Olson*, 544 N.W.2d 144, 146 (N.D.1996). "This includes alleged violations of constitutional rights." *State v. Slapnicka*, 376 N.W.2d 33, 35 (N.D.1985). Heyen entered an unconditional guilty plea to the pending charges. By pleading guilty, Heyen consequently waived any alleged violations of his Fourth and Fifth Amendment rights.

### III

[¶ 13] Heyen next contends he was denied effective assistance of counsel because, among other things, his attorney failed to make a motion to suppress evidence that was seized during a probationary search of his vehicle.

[¶ 14] Section 29–32.1–12, N.D.C.C., states an application for post-conviction relief may be denied under the doctrine of res judicata:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

Accordingly, claims which have been previously raised on direct appeal or in previous post-conviction applications cannot be raised again in subsequent post-conviction applications. *Clark*, 1999 ND 78, ¶ 8, 593 N.W.2d 329.

[¶ 15] Heyen raised the issue of ineffective assistance of counsel in his first application for relief, and the trial court summarily dismissed the application. Heyen did not appeal the judgment. Rather, he filed a second application for relief where he once again raised the issue of ineffective assistance of counsel, and the trial court concluded the issue was barred under the doctrine of res judicata. Although a post-conviction relief proceeding is the preferred method of handling ineffective assistance of counsel claims, Heyen cannot now raise the issue in a second application for relief because the issue was fully and finally determined in his initial post-conviction proceedings. *Syvertson*, 2000 ND 185, ¶ 21, 620 N.W.2d 362. The trial court did not err in concluding this issue is barred under res judicata.

## IV

[¶ 16] Heyen next contends the trial court erroneously denied him post-conviction counsel for his initial post-conviction application. Heyen's first application for relief contended he had the right to such counsel, but the trial court concluded he did not raise a substantial issue of law or fact in his initial application and summarily denied his request for counsel. We are precluded, however, from reviewing this issue for the very reason we are precluded from reviewing Heyen's ineffective assistance of counsel claim. The trial court addressed this issue in Heyen's first application for relief, and Heyen did not appeal the judgment. The issue was fully and finally determined in his first application for relief, and we agree with the trial court that this issue is also barred under res judicata.

[¶ 17] Heyen also argues the trial court erred in denying his request for post-conviction counsel for his second application for relief and on appeal to this Court. The appointment of post-conviction counsel is not a matter of right, but rather a matter of trial court discretion. *Crumley v. State*, 2000 ND 110, ¶ 11, 611 N.W.2d 165. Absent an abuse of discretion, we will not reverse a trial court's refusal to appoint counsel. *Id.* The trial court should read applications in the light most favorable to the applicant, and if a substantial issue of law or fact may exist, the court should appoint such counsel. *Id.* However, when an application is without merit, the trial court does not abuse its discretion in refusing to appoint counsel. *Id.* After reading Heyen's application in the most favorable light, his challenge to his conviction fails to raise a substantial issue of law or fact. Heyen did not appeal his initial application for relief, and the issues in his second application were either fully and finally determined in the initial post-conviction proceedings or he inexcusably failed to pursue those issues in his previous proceedings. The trial court, therefore, did not abuse its discretion in denying Heyen's request for counsel.

## V

[¶ 18] Heyen finally contends the trial court failed to disclose his presentence investigation report to him prior to sentencing. A presentence investigation report, however, was not prepared prior to sentencing nor was one required to be prepared under § 12.1–32–02(11), N.D.C.C. Nevertheless, we conclude the issue is barred under misuse of process.

[¶ 19] Under N.D.C.C. § 29–32.1–12, we have explained it is a misuse of process to raise issues in subsequent post-conviction applications which could have been raised in the initial application. *Syvertson*, 2000 ND 185, ¶ 18, 620 N.W.2d 362. "Consequently, an applicant who inexcusably fails to raise an issue in his initial post-conviction application, choosing

instead to raise it in a subsequent application commits a misuse of process under N.D.C.C. § 29–32.1–12." *Clark,* 1999 ND 78, ¶ 18, 593 N.W.2d 329. Heyen did not raise this issue in either a direct appeal or in his initial application for post-conviction relief. Moreover, he does not provide an explanation as to why he failed to raise the issue. Because Heyen inexcusably failed to pursue this issue in previous proceedings, we hold the issue is barred under § 29–32.1–12(2), N.D.C.C., misuse of process.

## VI

[¶ 20] We conclude Heyen's claims for post-conviction relief are subject to the affirmative defenses set forth in N.D.C.C. § 29–32.1–12(1) and (2). We affirm the trial court's judgment dismissing Heyen's second application for relief and its order denying post-conviction counsel.

[¶ 21] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ.