2002 ND 10

**Earl R. ST. CLAIRE, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20010133.**

Supreme Court of North Dakota.

Jan. 15, 2002.

Earl R. St. Claire (on brief), pro se, Faribault, MN, for petitioner and appellant.

Brett M. Shasky, Assistant State's Attorney, Fargo, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Earl Russell St. Claire appeals the summary dismissal of his application for post-conviction relief. We affirm.

[¶ 2] On October 25, 1999, St. Claire pleaded guilty to five counts of felonies involving controlled substances. St. Claire was sentenced to five years of imprisonment on each count, to be served concurrently. On November 2, 1999, St. Claire moved to withdraw his guilty plea. After a hearing on November 24, 1999, the district court denied the motion to withdraw the plea, granted an extension of time within which to appeal, and directed the appointment of counsel for an appeal. The record does not show an appeal by St. Claire.

[¶ 3] In a December 14, 1999, application for post-conviction relief, St. Claire alleged he was convicted on October 25, 1999, and sentenced to five years of imprisonment on an open guilty plea, which he entered after he was told "some felonies were to be dropped and ... I would only get 1 yr;" and he alleged he had asked to withdraw his plea because he "was denied any evidence and ... was tricked." St. Claire asserted he was entitled to post-conviction relief, because (1) his attorney told the court he was guilty, (2) his attorney and the prosecutor led him to believe some felonies would be dropped and he would be sentenced to just one year of imprisonment, (3) an informant "used blackmail to coerce me into committing the crime," and he "was denied all evidence," and (4) he "made a complaint ... and because of this he was wrongly convicted."

[¶ 4] The State moved for summary judgment, alleging (1) St. Claire was represented by counsel when he pled guilty on an open plea and asserted "the pleas were being made knowingly and voluntarily, and were made without promises, threats or coercion;" (2) all evidence was disclosed to St. Claire and his counsel, including three attorneys over a ten-month period and the judge determined the issues were without merit on his plea withdrawal hearing; and (3) all of the arguments and issues were raised at the sentencing and the plea withdrawal hearing and were fully and finally heard.

[¶ 5] St. Claire responded with a letter alleging: (1) he was never allowed to review all the evidence; (2) his attorney told him "that I would have no problem getting

... 1 yr 1 day;" the attorney and the prosecutor were discussing dropping some of the charges; and the attorney was going to meet with the judge; (3) "Monday Oct. 25, 1999 I went to Court believeing [sic] I would only get 1 yr 1 day and that I would only get charged with some of the charges;" (4) attorney Mottinger told him he was sentenced to 5 years "because I made the Complaint against Duane Stanley," an investigator on the case; and (5) attorney Mottinger "agreed that he would hold a paycheck I had" and "he has probably went as far as committing Forgery" and "I have wrote the bar board about this also."

[¶ 6] In an order issued January 6, 2000, the court denied St. Claire's application for post-conviction relief and granted the State's motion for summary disposition. The court explained: (1) The five-year sentence was not unjust; (2) while St. Claire expected a sentence of one year and one day, his attorney's request for a 5 year sentence, with all but a year and a day suspended, was rejected by the court; (3) St. Claire's claim his confession was coerced was without merit; (4) St. Claire's claim his confession was obtained by violating his privilege against self-incrimination was without merit; and (5) St. Claire's claim the prosecution failed to disclose evidence was without merit, as the prosecution disclosed the evidence to his attorneys. The court also noted the issues had all been raised in St. Claire's hearing on his request to withdraw his guilty plea. St. Claire did not appeal the dismissal of his application.

[¶ 7] By petition of August 17, 2000, St. Claire sought habeas corpus relief. The district court dismissed the petition on October 25, 2000. The record does not show an appeal by St. Claire.

[¶ 8] On October 9, 2000, St. Claire filed a second application for post-convic-tion relief, asserting: (1) He was lied to and coerced into making an unlawful plea; (2) the State retaliated because he filed a complaint against Stanley; (3) his right to appeal was violated because the court did not appoint counsel until after the time for appeal expired; (4) the court has denied his right to counsel since he reported attorney Mertz's misconduct to the bar board; (5) there was no presentence investigation; (6) there was no testimony taken; (7) the prosecutor did not provide him with evidence; and (8) ineffective assistance of counsel, noting "I raise the same grounds on this as before," and attorney Mottinger committed forgery and theft against him, and Mottinger told the court St. Claire was guilty.

[¶ 9] The State asserted St. Claire's claims he was coerced into committing the offenses, coerced into pleading guilty, and about misconduct by attorney Mottinger, the investigator, and the prosecutor, had been found to be without merit in earlier plea withdrawal and habeas corpus proceedings, or were frivolous. The State contended the claims had already been fully and finally heard or amounted to a misuse of process, and sought summary disposition on the ground there was no genuine issue of material fact.

[¶ 10] The court determined "the allegations and charges made by the Petitioner are simply a re-iteration of earlier allegations and charges that were addressed by the previous post-conviction application," and granted the State's request for summary disposition. St. Claire appealed and requested appointed counsel.

[¶ 11] An applicant for post-conviction relief has the burden of establishing grounds for relief. *Berlin v. State*, 2000 ND 206, ¶ 7, 619 N.W.2d 623. Post-conviction proceedings are civil in nature. *Abdi v. State*, 2000 ND 64, ¶ 8, 608 N.W.2d

292. Under N.D.C.C. § 29–32.1–09(1), "a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law." *Syvertson v. State*, 2000 ND 185, ¶ 13, 620 N.W.2d 362, *cert. dismissed*, —— U.S. ——, 121 S.Ct. 1428, 149 L.Ed.2d 342 (2001). "A party opposing a motion for summary disposition under the Uniform Post Conviction Procedure Act must raise an issue of material fact." *Owens v. State*, 2001 ND 15, ¶ 8, 621 N.W.2d 566, *cert. denied*, —— U.S. ——, 121 S.Ct. 2204, 149 L.Ed.2d 1034 (2001).

▬ [¶ 12] "If the moving party establishes there is no genuine issue of material fact the burden shifts to the nonmoving party to show a genuine issue of fact exists." *Syvertson v. State*, 2000 ND 185, ¶ 13, 620 N.W.2d 362. "The resisting party may not merely rely on pleadings or unsupported conclusory allegations," but "must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." *Id.* "Our review of a summary denial of post-conviction relief is similar to our review of an appeal of a summary judgment." *Id.*

▬ [¶ 13] Section 29–32.1–12, N.D.C.C., provides, in part:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

   a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

   b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

3. Res judicata and misuse of process are affirmative defenses to be pleaded by the state.

"Section 29–32.1–12(2), N.D.C.C. authorizes denial of an application for post-conviction relief on the ground of misuse of process." *Berlin v. State*, 2000 ND 206, ¶ 11, 619 N.W.2d 623. Raising issues in a second post-conviction application which could have been raised in an earlier application is a misuse of process. *Id.* at ¶ 12. A defendant is not entitled to post-conviction relief if the contentions raised are simply variations of previous arguments. *Id.* at ¶ 13.

[M]isuse of process under N.D.C.C. ch. 29–32.1 occurs (1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings, (citation omitted); and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application, (citation omitted).

*Clark v. State*, 1999 ND 78, ¶ 23, 593 N.W.2d 329.

▬ [¶ 14] St. Claire's allegations (1) he was lied to and coerced into pleading guilty; (2) the State retaliated against him because he filed a complaint against Mr. Stanley, one of the investigators in St. Claire's case; (3) the prosecutor did not provide him with certain evidence for review; and (4) about ineffective assistance of counsel, that his attorney told the trial court he was guilty, and that his attorney

had committed forgery and theft against him in the attorney's handling of a check St. Claire gave the attorney, were litigated and resolved in the first post-conviction relief proceeding. They are res judicata under N.D.C.C. § 29–32.1–12(1).

[¶ 15] St. Claire's assertion that his right to appeal was violated because the court did not appoint counsel until after the time for appeal had expired is without merit. After St. Claire moved to withdraw his guilty plea on November 2, 1999, the trial court denied his motion to withdraw his plea, granted an extension of time within which to appeal, directed the appointment of counsel for an appeal, and appointed counsel. Furthermore, this issue could have been, but was not, raised in the first application and raising it now is a misuse of process.

[¶ 16] St. Claire's assertion the court has denied his right to counsel since he reported attorney Mertz's misconduct to the bar board is without merit. "The appointment of post-conviction counsel is a matter of trial court discretion; we will not reverse the trial court's refusal to appoint counsel absent an abuse of that discretion." *Crumley v. State*, 2000 ND 110, ¶ 11, 611 N.W.2d 165. A trial court may properly deny a request for appointment of counsel if the applicant for post-conviction relief is able to file an application without assistance, and the application, read most favorably toward the applicant, does not raise the possibility of a substantial issue of fact or law. *Bell v. State*, 2001 ND 188, ¶ 19, 636 N.W.2d 438; *Hopfauf v. State*, 1998 ND 30, ¶ 3, 575 N.W.2d 646. "It is not an abuse of discretion for the trial court to refuse to appoint counsel when the application for relief is completely without merit." *Crumley*, at ¶ 11. St. Claire was able to file an application for post-conviction relief, but the application did not raise the possibility of a substantial issue of fact or law.

[¶ 17] St. Claire complains there was no presentence investigation. St. Claire inexcusably failed to raise this issue in his first application for post-conviction relief, and raising it now is a misuse of process.

[¶ 18] St. Claire complains no testimony was taken to find out what occurred when the crimes were committed. Rule 11(e), N.D.R.Crim.P., requires that the court be satisfied "that there is a factual basis for the plea" before accepting a plea of guilty. The rule does not require testimony. St. Claire's attorney, in St. Claire's presence, stipulated in open court that "there's an adequate factual foundation established." St. Claire's complaint is without merit. Furthermore, St. Claire inexcusably failed to raise this issue in his first application for post-conviction relief, and raising it in this second application is a misuse of process.

[¶ 19] St. Claire's complaint he was not allowed an evidentiary hearing on his application for post-conviction relief is without merit. An applicant for post-conviction relief is only "entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Crumley v. State*, 2000 ND 110, ¶ 12, 611 N.W.2d 165. St. Claire has not presented competent admissible evidence raising a genuine issue of fact.

[¶ 20] The order granting the State's motion for summary disposition dismissing St. Claire's second application for post-conviction relief is affirmed.

[¶ 21] GERALD W. VANDEWALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.