2015 ND 234

STATE of North Dakota, Plaintiff and Appellee

v.

Lorry Van CHASE, Defendant and Appellant.

No. 20150010.

Supreme Court of North Dakota.

Sept. 17, 2015.

found him guilty of gross sexual imposition. Chase argues the district court erred when it failed to declare a mistrial after witness testimony referenced prior bad acts and when it disallowed evidence of prior consensual sexual acts with the victim. We affirm.

I

[¶ 2] In 2013 Chase was charged with one count of gross sexual imposition against Jane Doe in violation of N.D.C.C. § 12.1–20–03(1)(a) for an assault that occurred in 2007. At trial Jane Doe testified she knew Chase had been in jail. A medical professional's testimony referenced other victims. Chase moved for a mistrial after both instances. The district court denied both motions for mistrial and issued a curative instruction to the jury. Chase sought to offer evidence of prior consensual sexual conduct with Jane Doe. The district court held that the testimony Chase intended to offer was prohibited by N.D.R.Ev. 412. Chase appeals.

II

[¶ 3] Chase argues the district court erred by denying his motions for mistrial because testimony referencing his time in jail and the existence of other victims is more prejudicial than probative. The State argues any prejudice from the testimony was properly remedied by the court's curative instruction to the jury.

"Motions for mistrial are within the broad discretion of the district court, and we will not reverse the court's decision on the motion unless there was a clear abuse of that discretion or a manifest injustice that would result. A district court abuses its discretion when it misinterprets or misapplies the law, or when it acts in an arbitrary, unreasonable, or capricious manner."

Ryan J. Thompson, Assistant State's Attorney, Rolla, ND, for plaintiff and appellee.

Lynn M. Boughey, Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Lorry Van Chase appeals from a criminal judgment entered after a jury

*State v. Skarsgard,* 2007 ND 160, ¶ 16, 739 N.W.2d 786. (Citations omitted). "If independent evidence exists which could lead the trier of fact to the same result, we consider the admission of prior bad acts to be harmless error." *State v. Trout,* 2008 ND 200, ¶ 8, 757 N.W.2d 556.

[¶ 4] In denying Chase's motion for mistrial, the district court determined that while improper evidence of prior bad acts in a criminal case is troublesome, a mistrial was not warranted because the statements were vague and any prejudicial effect could be cured with a separate admonition to the jury. "A jury is generally presumed to follow instructions, and a curative instruction to disregard certain evidence is generally sufficient to remove improper prejudice." *State v. Hernandez,* 2005 ND 214, ¶ 24, 707 N.W.2d 449. In this case, the court cautioned the jury, "any inadvertent references by any witnesses as to the background or prior or subsequent acts of the defendant or the alleged victim should not be considered [ . . . ]." The jury is presumed to have followed the court's instruction.

[¶ 5] Moreover, "granting a mistrial is 'an extreme remedy which should be resorted to only when there is a fundamental defect or occurrence in the proceedings of the trial which makes it evident that further proceedings would be productive of manifest injustice.'" *State v. Klose,* 2003 ND 39, ¶ 14, 657 N.W.2d 276. Chase points to no evidence the district court's failure to grant a mistrial resulted in manifest injustice. We conclude the district court did not abuse its discretion by denying Chase's motion because Chase has not demonstrated he suffered serious injustice by the district court's refusal to declare a mistrial.

III

[¶ 6] Chase argues he was denied constitutional due process and confrontation rights when the court excluded evidence of alleged consensual sexual activity between himself and Jane Doe. Chase argued the State opened the door for him to present evidence of prior consensual sexual encounters when state witnesses testified about the location of the assault. Chase argued Jane Doe and an investigating agent testified to facts from more than one encounter. Chase sought to introduce evidence of prior consensual sexual encounters in other locations for the proclaimed purpose of impeaching Jane Doe's testimony. The State argued the evidence was inadmissible under N.D.R.Ev. 412 and no exception applied where Chase failed to provide the required fourteen day notice to submit evidence of prior sexual behavior. The district court allowed Chase to present evidence he had dated Jane Doe prior to the assault but excluded under N.D.R.Ev. 412 testimony concerning prior consensual sexual activity.

[¶ 7] "We review a district court's evidentiary ruling under an abuse-of-discretion standard." *State v. Sevigny,* 2006 ND 211, ¶ 24, 722 N.W.2d 515. "A district court abuses its discretion when it 'acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law.'" *Id.* "The trial court has broad discretion in evidentiary matters and absent an abuse of discretion, [this Court] will not reverse [the trial court's] decision." *State v. Leinen,* 1999 ND 138, ¶ 7, 598 N.W.2d 102.

[¶ 8] The admission of an alleged victim's sexual behavior or sexual predisposition in criminal proceedings is governed by N.D.R.Ev. 412:[1]

1. N.D.R.Ev. 412 was amended March 2014, effective March 1, 2014.

*"(a) Evidence generally inadmissible.* The following evidence is not admissible in any criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) evidence offered to prove that any alleged victim engaged in other sexual behavior; and

(2) evidence offered to prove any alleged victim's sexual predisposition.

*"(b) Exceptions.* In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:

(1) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence;

(2) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct, offered by the accused to prove consent or by the prosecution; and

(3) evidence the exclusion of which would violate the constitutional rights of the defendant.

*"(c) Procedure to determine admissibility.*

(1) A party intending to offer evidence under subdivision (b) must:

(A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause requires a different time for filing or permits filing during trial; and

(B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative.

"(2) Before admitting evidence under this rule, the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise."

[¶ 9] Evidence of an alleged victim's sexual behavior generally is inadmissible. A limited exception exists for evidence of sexual behavior between the alleged victim and the accused offered to prove consent. N.D.R.Ev. 412(b)(2). A party intending to use such evidence must file a written motion at least fourteen days before trial and the court must conduct an in camera hearing on the motion. N.D.R.Ev. 412(c). "Failure to provide written notice of intent to offer evidence [ . . . ] is reason alone for the court to deny admissibility of the evidence." *State v. Jensen,* 2000 ND 28, ¶ 10, 606 N.W.2d 507. Chase offered no reasonable explanation for failing to comply with the fourteen day notice requirement.

[¶ 10] This Court considered a similar issue and set of facts in *Jensen,* 2000 ND 28, 606 N.W.2d 507. In *Jensen,* the victim testified to Jensen hitting and kicking her and forcing her to have anal intercourse. *Id.* at ¶ 2. Jensen admitted to spanking the victim but alleged it was consensual. *Id.* at ¶ 3. On appeal, Jensen claimed he was denied constitutional due process and confrontation rights when he was not allowed to introduce evidence of his sexual history with the victim. *Id.* at ¶ 5. Jensen claimed the State opened the door to evidence of similar, consensual sexual encounters between himself and the victim after the victim testified to prior instances of nonconsensual sex. This Court stated, "the evidence introduced by the State opened the door in a very limited sense only to rebuttal evidence about whether the defendant had on prior occasions forced the victim to have sex [ . . . ]." *Id.* at ¶ 11. We

concluded "it was not an abuse of discretion for the trial court to refuse to allow Jensen to admit evidence of prior anal intercourse and sex play between himself and [the victim], absent compliance with the N.D.R.Ev. 412 notice requirement." *Id.* at ¶ 14.

[¶ 11] Here, Jane Doe testified about one encounter with Chase in December 2007. Chase alleged that the location described by Jane Doe was improbable due to steep elevation and heavy snowfall. Chase sought to impeach Jane Doe's testimony about the location of the assault by questioning her about instances of prior consensual sexual activity with Chase in locations he alleged were more accessible for the time of year. The court found the door had not been opened for the purposes of admitting evidence of prior sexual conduct. On cross-examination of Jane Doe, Chase was permitted to present evidence about the night in question, his relationship with Jane Doe prior to that night, and about the level of communication he had with her after the assault. Chase was not prevented from offering evidence about the geography, elevation or snowfall at the location described by Jane Doe.

[¶ 12] Chase also sought to introduce evidence of prior sexual encounters with Jane Doe during the cross-examination of an investigating agent. Chase alleged the agent testified to facts about more than one sexual encounter and Chase therefore should be allowed to testify about other encounters. The court found what the agent testified to at trial was consistent with facts of the agent's report, which Chase had a copy of before trial. The district court expressed concern that the matter should have been addressed before trial and held the evidence was inadmissible under N.D.R.Ev. 412. The court did not abuse its discretion by excluding evidence of prior sexual activity between Chase and Jane Doe where Chase had not provided notice of his intent to offer such evidence, he had opportunity to cross-examine State witnesses, and the State had not opened the door to more than one encounter.

IV

[¶ 13] The district court did not err by failing to grant a mistrial and by refusing to admit evidence of prior sexual contact. We affirm the criminal judgment after concluding Chase is not entitled to a new trial or reversal of his conviction.

[¶ 14] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.