2017 ND 192

**Lorry Van CHASE, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

**No. 20160456**

Supreme Court of North Dakota.

Filed 7/31/2017

Ward K. Johnson III, Grand Forks, ND, for petitioner and appellant.

Ryan J. Thompson, Rolette County State's Attorney, Rolla, ND, for respondent and appellee; submitted on brief.

VandeWalle, Chief Justice.

[¶ 1] Lorry Van Chase appealed from an order denying his application for post-conviction relief. We conclude the district court erred in summarily dismissing his application, claiming ineffective assistance of trial counsel, because genuine issues of material fact exist precluding summary disposition. We reverse and remand for the court to hold an evidentiary hearing on his application.

I

[¶ 2] In 2013, Chase was charged with one count of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(a), a class AA felony, for an assault occurring in 2007. In 2014, a jury convicted Chase of the charge, and this Court affirmed his conviction on appeal. *State v. Chase*, 2015 ND 234, ¶¶ 1, 13, 869 N.W.2d 733.

[¶ 3] In September 2016, Chase filed an application for post-conviction relief, asserting grounds of ineffective assistance of his trial counsel. Chase also filed a sworn affidavit supporting his claims. On October 17, 2016, the State filed its response and exhibits, including an unsworn statement from Chase's trial counsel. In its response, the State opposed Chase's claims and also requested summary dismissal with proper

notice provided to Chase if the district court did not dismiss the application on its own motion. On November 3, 2016, without further notice or an evidentiary hearing, the district court entered an order denying the application.

## II

[¶4] Chase argues the district court erred in summarily dismissing his application for post-conviction relief claiming ineffective assistance of trial counsel.

[¶5] Generally, "[a]n applicant has the burden of establishing grounds for post-conviction relief." *Greywind v. State*, 2015 ND 231, ¶6, 869 N.W.2d 746 (quoting *Chisholm v. State*, 2014 ND 125, ¶8, 848 N.W.2d 703). Section 29-32.1-04(1), N.D.C.C., states: "The application must . . . set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary."

[¶6] This Court has explained that summary dismissal of an application "is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted." *Greywind*, 2015 ND 231, ¶7, 869 N.W.2d 746. The court may, on its own motion, dismiss a complaint for failure to state a valid claim. *Id.*; *see also* N.D.C.C. § 29-32.1-09(1). On appeal from a N.D.R.Civ.P. 12(b)(6) dismissal, we will construe the application in the light most favorable to the applicant, accepting the well-pleaded allegations as true. *Greywind*, at ¶7; *Wong v. State*, 2010 ND 219, ¶9, 790 N.W.2d 757. This Court will affirm a dismissal for failure to state a claim "if it would be impossible for the applicant to prove a claim for which relief can be granted." *Greywind*, at ¶7 (quoting *Wong*, ¶9).

[¶7] When, however, matters outside the pleading are considered, the motion must be treated as a summary judgment motion under N.D.R.Civ.P. 56. *Wong*, 2010 ND 219, ¶12, 790 N.W.2d 757. "A court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09, which is analogous to summary judgment, if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Greywind*, 2015 ND 231, ¶8, 869 N.W.2d 746. Section 29-32.1-09(3), N.D.C.C., provides that "[t]he court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Under N.D.C.C. § 29-32.1-09(1), however, the court may dismiss "a meritless application considering only the information in the application." *Chisholm*, 2014 ND 125, ¶16, 848 N.W.2d 703.

## III

[¶8] Chase raises two main issues on appeal with a myriad of supporting arguments. First, Chase argues his trial counsel's deficient trial performance "descended" to the level of ineffective assistance of counsel. He claims his trial counsel committed multiple errors that unfairly prejudiced him, including: his trial counsel's failure to file an alleged "critical" motion under N.D.R.Ev. 412, *see Chase*, 2015 ND 234, ¶¶6-12, 869 N.W.2d 733; failure to contest the statute of limitations; failure to conduct critical pretrial investigation and discovery; failure to develop critical witness testimony; and failure to disclose an alleged conflict of interest adversely affecting his defense.

[¶9] Second, Chase argues the district court erred in denying his post-conviction relief application without granting a new

trial or, in the alternative, without granting an evidentiary hearing. He claims the court did not address eight issues identified in his application that would have been raised at a new trial or an evidentiary hearing. He also contends the court appeared "confus[ed]" in its order regarding two of the issues the court did address, including his trial counsel's purported interactions with an individual creating a conflict of interest and his trial counsel's assertion regarding why he did not need to file a motion under N.D.R.Ev. 412.

[¶ 10] The State responds that the district court did not err when it summarily dismissed Chase's application without an evidentiary hearing because he failed to provide competent evidence to support his application. The State argues the application "does not provide any competent evidence to support a finding that the Jury would have returned a different verdict." The State contends that Chase's statements in the application are "complete fabrications and simply untrue." The State also asserts that, after receiving its response, Chase offered no further proof to necessitate an evidentiary hearing.

[¶ 11] The State further argues that the district court did not err in "finding" Chase failed to show ineffective assistance of counsel or resulting prejudice. The State makes a number of arguments that purport to weigh evidence or reflect a factual finding, including that Chase's trial counsel's cross-examination of the State's witnesses reflected sufficient preparation, that abundant evidence supports his trial counsel's diligence and attention, and that no evidence shows his trial counsel was aware of the proposed "alibi witnesses." The State disputes Chase's argument that a formal motion under N.D.R.Ev. 412 would have resulted in any different information admitted at trial, and, therefore,

there could be no finding of prejudice by the failure to file the motion.

[¶ 12] Here, the district court's order denying Chase's application is problematic in that it appears to deny the application on the merits. After the State filed its response and supporting exhibits on October 17, 2016, the district court filed its order on November 3, 2016, and there is no notice in the record to Chase that the court would be resolving this case on summary disposition as requested by the State. Moreover, in denying the application, the court relies on disputed facts outside of the pleadings, including trial counsel's statement submitted with the State's response. This statement provides his former counsel's version of relevant events, opines against Chase's claims, and asserts he did a "superb" or "excellent" job representing Chase. The trial counsel's statement also concedes, however, that Chase's "best argument" is that he should have "filed the Rule 412 disclosure." In its order denying the application, the court merely recites the parties' various factual assertions and arguments and resolves the ultimate factual issue, "find[ing Chase] did not show (1) counsel's representation fell below an objective standard of reasonableness and (2) [Chase] was NOT prejudiced by any deficient performance" regarding his trial counsel's performance.

[¶ 13] In *Chisholm*, 2014 ND 125, ¶¶ 17-19, 848 N.W.2d 703, we reversed a summary dismissal of a post-conviction relief application when the district court decided the applicant could not prove a claim of ineffective assistance of counsel basing its ruling on evidence from the prior criminal proceeding. We explained that "[b]ecause the court relied on information outside the application in determining the application was frivolous and wholly without merit, N.D.C.C. § 29-32.1-09(1) [allowing the court to dismiss a meritless application on

its own motion before a response from the state] does not apply." *Chisholm*, at ¶ 17.

[¶ 14] This Court has also held summary dismissal is normally inappropriate for post-conviction relief claims arguing ineffective assistance of counsel because such claims typically require development of a record in an evidentiary hearing. *Abdi v. State*, 2000 ND 64, ¶ 31, 608 N.W.2d 292. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Greywind*, 2015 ND 231, ¶ 10, 869 N.W.2d 746 (quoting *Wong*, 2010 ND 219, ¶ 12, 790 N.W.2d 757).

[¶ 15] Setting aside whether Chase received sufficient notice of the summary disposition, we nevertheless conclude the district court erred in its order summarily disposing of Chase's ineffective assistance claims. In its order, the court considered evidence outside of the application so we treat the court's summary dismissal as a summary judgment. Chase alleged, supported by his affidavit, that his counsel's performance was deficient, and asserts he failed to file a critical motion, to contest the statute of limitations, to conduct critical pretrial investigation and discovery, to develop critical witness testimony at trial, and to disclose a conflict of interest. As shown by Chase's and his trial counsel's competing assertions, we conclude reasonable inferences have raised genuine issues of material fact. We conclude Chase's and his trial counsel's contradictory and varying accounts, on their face, raise fact issues regarding his counsel's pretrial preparation and trial performance, in addition to purported conflict of interest claims.

[¶ 16] We therefore conclude Chase is entitled to an evidentiary hearing on all the claims in his post-conviction relief application. At the evidentiary hearing on remand, both Chase and his former trial counsel may appear and give testimony. The parties may also submit any other relevant testimony or evidence to assist the district court in resolving the factual issues surrounding Chase's ineffective assistance claims.

IV

[¶ 17] The order is reversed, and the case is remanded for an evidentiary hearing.

[¶ 18] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner