Per Curiam.
 

 [¶ 1] Antonio Matthews appeals from the district court's judgment summarily dismissing his application for post-conviction relief for untimeliness and misuse of process. In August 2014, Matthews was convicted of several counts of robbery, felonious restraint, terrorizing, and gross sexual imposition. This Court summarily affirmed the convictions in May 2015.
 
 State v. Matthews
 
 ,
 
 2015 ND 119
 
 , ¶ 1,
 
 865 N.W.2d 124
 
 . Following the direct appeal, Matthews applied for post-conviction relief three times, which the district court denied each time. This Court summarily affirmed the district court's denial of Matthews' first application for post-conviction relief.
 
 Matthews v. State
 
 ,
 
 2016 ND 123
 
 , ¶ 1,
 
 881 N.W.2d 256
 
 . Matthews did not appeal from the other denials of his applications.
 

 [¶ 2] On appeal, Matthews argues the district court erred by summarily dismissing his application because the State failed to turn over exculpatory evidence. Matthews also argues the district court abused its discretion by denying his request for court-appointed counsel. The district court did not err by summarily dismissing Matthews' application for post-conviction relief because it was untimely and because the issues in his application were raised in prior applications or on direct appeal from his convictions. The district court did not abuse its discretion by denying Matthews' request for court-appointed counsel. We summarily affirm under N.D.R.App.P. 35.1(a)(6) and (7).
 
 See
 

 Crumley v. State
 
 ,
 
 2000 ND 110
 
 , ¶ 11,
 
 611 N.W.2d 165
 
 ("It is not an abuse of discretion for the trial court to refuse to appoint counsel when the application for relief is completely without merit.").
 

 [¶ 3] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte