# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 214

Lorry Van Chase,                                                    Petitioner and Appellant

v.

State of North Dakota,                                           Respondent and Appellee

No. 20190023

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Lorry Van Chase, self-represented, Bismarck, ND, petitioner and appellant; submitted on brief.

Ryan J. Thompson, State's Attorney, Devils Lake, ND, for respondent and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]    Lorry Van Chase appeals from a district court order denying his requested relief.  On appeal, Chase argues the district court erred by (1) considering his motion citing N.D.R.Civ.P. 60(b) as an application for post-conviction relief in order to deny it without a hearing, (2) denying his motion on grounds of misuse of process and res judicata, (3) finding no corroborating evidence was presented to support Chase's claim his attorney directed him to lie, (4) finding Chase is bound by the unethical actions of his former counsel, and (5) denying his motion without appointing counsel as requested.  We affirm in part, reverse in part, and remand for further proceedings.

I

[¶2]    In 2014, a jury convicted Chase of gross sexual imposition.  He appealed to the North Dakota Supreme Court and the conviction was affirmed. *State v. Chase*, 2015 ND 234, ¶¶ 1, 13, 869 N.W.2d 733.  In September 2016, Chase filed an application for post-conviction relief with the assistance of post-conviction counsel, alleging ineffective assistance of trial counsel.  Specifically, Chase claimed he received ineffective assistance of counsel because his trial attorney: (1) failed to file a N.D.R.Ev. 412 motion; (2) failed to conduct pretrial investigation and discovery; (3) failed to develop critical witness testimony at trial; (4) failed to disclose a conflict of interest; and (5) instructed Chase to lie under oath.  In November 2016, the district court denied Chase's requested relief.  Chase appealed the court's order, and this Court reversed the order and remanded for an evidentiary hearing. *Chase v. State*, 2017 ND 192, ¶ 16, 899 N.W.2d 280.  After an evidentiary hearing, the court denied Chase's application on December 21, 2017, making findings on each specific allegation of ineffective assistance of counsel.  Chase appealed to the North Dakota Supreme Court and the order was summarily affirmed based on Chase's failure to

supply a transcript of the evidentiary hearing. *Chase v. State*, 2018 ND 154, ¶ 1, 913 N.W.2d 774.

[¶3]    On November 13, 2018, Chase filed a N.D.R.Civ.P. 60(b) motion for relief from judgment, seeking relief from the district court's December 21, 2017 order denying post-conviction relief, alleging his post-conviction counsel: (1) provided ineffective assistance of counsel; (2) coached Chase to lie at the evidentiary hearing; (3) violated ethics rules; (4) violated the rules of appellate procedure; and (5) attempted to cover up his errors by advising Chase not to file a federal habeas corpus petition; and (6) attempted to convince Chase to lie in a N.D.R.Crim.P. 35 motion. Chase also applied for court-appointed counsel. On November 21, 2018, the State responded, asserting the affirmative defenses of res judicata and misuse of process. In December 2018, Chase's previously retained attorney moved to withdraw as counsel. In January 2019, the court denied relief on the N.D.R.Civ.P. 60(b) motion, finding the motion was actually an application for post-conviction relief and was therefore barred by res judicata and misuse of process. Chase appeals from the court's order.

II

[¶4]    Central to the disposition of this appeal is whether Chase's N.D.R.Civ.P. 60(b) motion was properly classified as a motion, or instead, as the district court found, as an application for post-conviction relief. We have, on occasion, considered defendants' motions as applications for post-conviction relief when the defendant has already filed at least one prior application for post-conviction relief. *See State v. Atkins*, 2019 ND 145, ¶ 10, 928 N.W.2d 441 (holding defendant's motion to withdraw his guilty plea was actually his third application for post-conviction relief when he had previously filed two applications for post-conviction relief); *State v. Gress*, 2011 ND 233, ¶ 6, 807 N.W.2d 567 (holding defendant's motion to withdraw his guilty plea was actually his second application for post-conviction relief when he had already filed one application for post-conviction relief). We have encountered parties

2

seeking to evade the boundaries of post-conviction proceedings by filing motions under the Rules of Criminal Procedure under the guise of motion practice:

> We hold that a defendant may not avoid the procedures of the Uniform Postconviction Procedure Act by designating his motion under a rule of criminal procedure or by filing his motion in his criminal file, rather than filing as a new action for post-conviction relief.

*Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441 (relying on N.D.C.C. § 29-32.1-01(4)). Section 29-32.1-01(4), N.D.C.C., states:

> A proceeding under this chapter is not a substitute for and does not affect any remedy incident to the prosecution in the trial court or direct review of the judgment of conviction or sentence in an appellate court. Except as otherwise provided in this chapter, a proceeding under this chapter replaces all other common law, statutory, or other remedies available before July 1, 1985, for collaterally challenging the validity of the judgment of conviction or sentence. It is to be used exclusively in place of them. A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence.

Even reading his documents generously, Chase's only allegation conceivably appropriate for a N.D.R.Civ.P. 60(b) motion is his argument that his attorney's representation amounted to fraud under N.D.R.Civ.P. 60(b)(3). However, his claim that N.D.R.Civ.P. 60(b)(3) applies is meritless because fraud alleged under N.D.R.Civ.P. 60(b)(3) must be alleged against an *opposing party*:

> (b) Grounds for Relief From a Final Judgment or Order. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct *by an opposing party*.

(Emphasis added.) *See also Gajewski v. Bratcher*, 240 N.W.2d 871, 889 (N.D. 1976) ("The burden is on the movant to establish, by clear and convincing evidence, that *the adverse party* obtained the judgment through fraud, misrepresentation, or misconduct.") (emphasis added). Chase's attorney was not an adverse party. The court found Chase was trying to circumvent the post-conviction process by masking

3

his request for post-conviction relief as a motion under N.D.R.Civ.P. 60(b). We agree.

[¶5] If we were to agree with Chase's reasoning that his N.D.R.Civ.P. 60(b) motion under these facts is not an application for post-conviction relief, the outcome renders ineffective the bar on attacks on post-conviction counsel under N.D.C.C. § 29-32.1-09(2) which states "[a]n applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter." Based on the facts of this case, we agree with the district court that Chase's "motion" was instead his second application for post-conviction relief with respect to claims against post-conviction counsel's representation.

III

[¶6] Having determined the district court did not err in treating Chase's motion as his second application for post-conviction relief, we turn to his argument that the court erred by denying his application without a hearing. Chase argues under N.D.R.Ct. 3.2(a)(3) he was entitled to a hearing after making several requests for one. Filing an application for post-conviction relief does not automatically entitle an applicant to an evidentiary hearing. N.D.C.C. § 29-32.1-09(4).

[¶7] "An applicant for post-conviction relief is only 'entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.'" *St. Claire v. State*, 2002 ND 10, ¶ 19, 638 N.W.2d 39 (quoting *Crumley v. State*, 2000 ND 110, ¶ 12, 611 N.W.2d 165). Usually it is the State's summary dismissal motion that puts the applicant to his proof and shifts the burden to the applicant to support his claims with competent and admissible evidence raising a genuine issue of fact. *Peterka v. State*, 2015 ND 156, ¶ 7, 864 N.W.2d 745. Here, the State's reply did not request summary dismissal.

[¶8] We have recognized that "[a] dismissal of an application for post-conviction relief without a hearing is a summary denial, whether based on N.D.C.C. § 29-32.1-06(2) or N.D.C.C. § 29-32.1-09." *Kaiser v. State*, 2005 ND 49, ¶ 8, 693 N.W.2d 26.

4

Under N.D.C.C. § 29-32.1-09(1), the district court may enter a judgment denying a meritless application on its own motion before the State responds. *Ourada v. State*, 2019 ND 10, ¶ 3, 921 N.W.2d 677. When the State responds to an application, summary dismissal on the court's own motion is no longer an option under N.D.C.C. § 29-32.1-09(1). *Id.* We have also recognized that when a party moves for dismissal, an applicant is entitled to notice and an opportunity to be heard. *Id.* at ¶¶ 4-5; *Chisholm v. State*, 2014 ND 125, ¶ 18, 848 N.W.2d 703 (applicant was entitled to notice that his application may be summarily dismissed and an opportunity to file an answer brief with supporting materials to demonstrate the existence of a genuine issue of material fact). Further, when the district court treats one party's answer *as a motion*, it errs by failing to provide notice accordingly under N.D.R.Ct. 3.2 to the applicant. *Ourada* at ¶ 6.

[¶9] Even assuming the district court considered the State's response as a request for dismissal, Chase was not put on notice his application would be summarily dismissed when the district court provided no notice. We conclude summary dismissal was not appropriate and remand to the district court.


IV

[¶10] Chase argues the district court abused its discretion by not granting his request for court-appointed counsel. We have stated:

> The appointment of post-conviction counsel is a matter of trial court discretion, and we will not reverse a trial court's refusal to appoint counsel absent an abuse of that discretion. *Crumley v. State*, 2000 ND 110, ¶ 11, 611 N.W.2d 165. A trial court should read applications for post-conviction relief in the light most favorable to the applicant, and when a substantial issue of law or fact may exist, the trial court should appoint counsel. *Id.* However, a trial court does not abuse its discretion in refusing to appoint counsel when the application for relief is completely without merit. *Id.*

*Jensen v. State*, 2004 ND 200, ¶ 13, 688 N.W.2d 374.

[¶11] At the time Chase applied for court-appointed counsel, he still had an attorney of record. While his application was pending, his attorney moved to withdraw as

counsel. That motion was not granted until after the district court dismissed Chase's application, and Chase's request for court-appointed counsel was never acted upon by the court. On remand, the court should review Chase's application and determine whether indigent defense counsel should be appointed.

V

[¶12] We have reviewed all other issues and have determined they are either without merit or unnecessary to the disposition of this appeal.

VI

[¶13] We affirm the district court's order in part, reverse in part, and remand for proceedings consistent with this opinion.

[¶14]   Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.