# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 112

Cody Michael Atkins,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

## No. 20200077

Appeal from the District Court of Traill County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Per Curiam.

Ashley K. Schell, Williston, ND, for petitioner and appellant.

Charles A. Stock, State's Attorney, Hillsboro, ND, for respondent and appellee; submitted on brief.

**Per Curiam.**

[¶1] Cody Atkins appeals from a district court order denying his motion to vacate the judgment and withdraw his guilty plea. In June 2015, Atkins pled guilty to violating an order prohibiting contact, a class A misdemeanor, and a criminal judgment was entered. Atkins did not appeal the criminal judgment following his guilty plea. In September 2018, Atkins filed his first application for post-conviction relief. The district court denied his application, and Atkins appealed the court's order. This Court ordered that the appeal from his first application for post-conviction relief be dismissed at Atkins' request.

[¶2] Atkins subsequently filed a motion seeking to vacate the judgment and withdraw his guilty plea. The district court treated Atkins' motion as a second application for post-conviction relief because he had already filed a prior application for post-conviction relief. The State moved to dismiss Atkins' application. At a hearing on the State's motion, Atkins asserted he possessed a medical report establishing he had a mental deficiency which precluded the timely filing of his application. While the medical report was not entered into evidence, the court asked how Atkins' mental condition precluded the timely filing of his application. Atkins did not answer the court's question nor did he attempt to explain how his mental condition precluded timely filing. Following the motion hearing, the court denied Atkins' application concluding his claims were precluded by res judicata; his application was untimely under N.D.C.C. § 29-32.1-01(2) because more than two years had passed since Atkins' conviction became final; and he failed to establish he suffered from a mental disease that precluded timely assertion of the application for relief.

[¶3] On appeal, Atkins argues the district court erred in denying his application without holding an evidentiary hearing to allow Atkins the opportunity to prove he suffered a mental disease which precluded the timely filing of his application for post-conviction relief. Atkins also argues the court erred by determining his claims were barred by res judicata without holding

an evidentiary hearing. "An applicant for post-conviction relief is only 'entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.'" *St. Claire v. State*, 2002 ND 10, ¶ 19, 638 N.W.2d 39 (quoting *Crumley v. State*, 2000 ND 110, ¶ 12, 611 N.W.2d 165). Atkins has not presented competent admissible evidence raising a genuine issue of fact. The court did not err in concluding Atkins' claims were barred by res judicata and that he failed to prove he suffered a mental disease which precluded the timely filing of his application for post-conviction relief. *See Carlson v. State*, 2018 ND 81, ¶ 8, 908 N.W.2d 711 (applicant failed to show he fell under the second exception to the two-year statute of limitations for post-conviction relief by failing to present evidence that his mental condition precluded timely assertion of application). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).

[¶4]   Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte

2