2015 ND 7

**Robert L. JOHNSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20140191.

Supreme Court of North Dakota.

Jan. 15, 2015.

Rehearing Denied Feb. 12, 2015.

Mark T. Blumer, Fargo, ND, for petitioner and appellant; submitted on brief.

Frederick R. Fremgen (argued), Jamestown, ND, for respondent and appellee.

McEVERS, Justice.

[¶ 1] Robert L. Johnson appeals from a district court judgment summarily dismissing his application for post-conviction relief. We affirm the district court's summary dismissal of Johnson's post-conviction relief application as untimely.

I

[¶ 2] In 1999, Robert L. Johnson was charged with one count of simple assault and two counts of contact by bodily fluid or excrement. Johnson was tried and convicted of all three counts. Because of improper jury instructions, Johnson's convictions were reversed and remanded in *State v. Johnson*, 2001 ND 184, 636 N.W.2d 391. On August 16, 2002, Johnson was again convicted of all three counts. On December 11, 2002, a judgment of conviction was entered. Johnson appealed to this Court, but later withdrew his appeal after accepting a plea bargain agreement pertaining to the disposition of the appealed charges. This Court dismissed Johnson's appeal on August 13, 2003. On March 21, 2014, Johnson applied for post-conviction relief alleging ineffective assistance of counsel. In support of his application, Johnson submitted a letter dated July 17, 2013, from Johnson's 2002 trial

attorney acknowledging he made some mistakes regarding his representation of Johnson. The State moved to dismiss on the grounds that the time for filing a post-conviction relief application had expired. The district court dismissed Johnson's application as barred by the two-year statute of limitations for post-conviction relief applications. Johnson appealed.

## II

[¶ 3] Johnson argues the district court erred in summarily dismissing his application for post-conviction relief as untimely because (1) the July 17, 2013, letter written by his trial attorney qualifies as newly discovered evidence, and (2) Johnson suffered from a mental disease that precluded timely assertion of the application for post-conviction relief, which fall within the statutory exceptions to the two-year limit for filing post-conviction relief applications.

[¶ 4] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Kinsella v. State*, 2013 ND 238, ¶ 4, 840 N.W.2d 625. This Court's review of a district court's summary dismissal of a post-conviction relief application is well established:

> This Court reviews an appeal from a summary denial of post-conviction relief as it reviews an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. Although we have stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing, we have upheld summary denials of post-conviction relief when the applicants were put to their

proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations. Section 29–32.1–09(3), N.D.C.C., provides: "The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

*Murphy v. State*, 2014 ND 84, ¶ 4, 845 N.W.2d 327 (quotation marks omitted).

[¶ 5] Under N.D.C.C. § 29–32.1–01(2), a petitioner must file an application for post-conviction relief within two years of the date the conviction becomes final. The conviction becomes final when:

a. The time for appeal of the conviction to the North Dakota supreme court expires;

b. If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or

c. If review was sought in the United States supreme court, the date the supreme court issues a final order in the case.

N.D.C.C. § 29–32.1–01(2). However, a court may consider a post-conviction relief application, after the two years have elapsed, if any of the following exceptions apply:

(1) The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted;

(2) The petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief; or

(3) The petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner establishes that the interpretation is retroactively applicable to the petitioner's case.

N.D.C.C. § 29–32.1–01(3)(a). Johnson does not dispute two years elapsed since his conviction became final, but rather, he argues two exceptions to the two-year filing limit apply.

[¶ 6] First, Johnson argues the July 17, 2013, letter written by his trial attorney qualifies as newly discovered evidence under N.D.C.C. § 29–32.1–01(3)(a)(1), an exception to the two-year limit for filing post-conviction relief applications. In Johnson's application for post-conviction relief, he included the trial attorney's letter, which states: "I currently believe that I made mistakes in regard to the August 30, 2002 Motion for a New Trial. I currently believe that in the Motion and Brief in Support Motion for a New Trial and Supplemental Brief in Support of Motion for a New Trial I made inappropriate statements." According to Johnson, the fact his trial attorney acknowledged mistakes establishes newly discovered evidence.

[¶ 7] Upon review of the letter, we conclude it does not meet the newly discovered evidence exception contemplated under N.D.C.C. § 29–32.1–01(3)(a)(1). The letter is vague and does not include any evidentiary support of mistakes the attorney made in the motion for a new trial or accompanying brief. Giving Johnson the benefit of all favorable inferences, nothing stated in the letter provides any evidentiary support to establish, if proven, that Johnson did not engage in the criminal conduct for which he was convicted, as required to satisfy the exception under N.D.C.C. § 29–32.1–01(3)(a)(1). Because the content of the attorney's letter does not relate to Johnson's actual innocence, we conclude the newly discovered evidence exception under N.D.C.C. § 29–32.1–01(3)(a)(1) does not apply.

[¶ 8] Second, Johnson argues his application for post-conviction relief should have been considered, even though two years had elapsed, because he suffers from a physical disability or mental disease that precluded his timely assertion of the application for relief, under N.D.C.C. § 29–32.1–01(3)(a)(2). However, Johnson did not raise this issue in his application for post-conviction relief or in his response to the State's motion to dismiss. This Court will generally not address an issue on appeal not raised before the district court. *Matter of R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771. Accordingly, we decline to address this argument.

### III

[¶ 9] We affirm the district court's judgment summarily dismissing Johnson's post-conviction relief application as untimely, because over two years elapsed since Johnson's conviction became final and the reasons Johnson alleges for his untimely application do not qualify as exceptions under N.D.C.C. § 29–32.1–01(3)(a).

[¶ 10] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.