McEvers, Justice.
 

 [¶ 1] Sergei Carlson appeals from a district court order summarily dismissing his
 
 *713
 
 post-conviction relief application. Carlson argues the court erred in summarily dismissing his post-conviction relief application based on the statute of limitations. We conclude the district court did not err by summarily dismissing Carlson's post-conviction relief application. We affirm.
 

 I
 

 [¶ 2] Sergei Carlson was born in Russia and claims he was raised by an abusive and alcoholic father. When Carlson was five and a half years old he was dropped off at a Russian orphanage, where he allegedly suffered mental, physical, and sexual abuse. Carlson was adopted by an American family. Carlson indicates his adoptive father was abusive and Carlson suffered from social isolation and an addiction to computer pornography.
 

 [¶ 3] In July 2007, law enforcement officers responded to a report of a non-responsive female. When the officers arrived they found a 16-year-old girl, W.P.C., lying in her bed not breathing. W.P.C. was pronounced dead. Sergei Carlson, the victim's adoptive brother, and P.R., the victim's mother, were the only other people present in the home at the time of W.P.C.'s death. An autopsy of W.P.C. indicated the cause of death was suffocation and/or asphyxiation. Carlson told the officers during an interview that he strangled W.P.C. with his hands and placed pillows over her face to muffle the sound. Carlson then indicated he had sexual contact with W.P.C. after strangling/suffocating her.
 

 [¶ 4] In September 2008, Carlson pled guilty to murder and performing a deviant sexual act. Carlson was 15 years old at the time and was initially charged in juvenile court before the case was transferred to adult court. He was sentenced to life imprisonment with the possibility of parole in October 2008. Carlson filed a post-conviction relief application in October 2016. The district court appointed Carlson counsel at his request. The State answered Carlson's pro se application for post-conviction relief in November 2016. The State subsequently moved for summary disposition, specifically asserting the application should be barred by the two-year statute of limitations under N.D.C.C. § 29-32.1-01. Carlson responded to the motion through his counsel and the parties stipulated that the court could address the matter of timeliness of Carlson's application based on the written pleadings before the court. The court dismissed Carlson's application as untimely in June 2017, because it did not meet an exception to the two-year statute of limitations. Carlson filed a notice of appeal in July 2017.
 

 II
 

 [¶ 5] Carlson argues the district court erred by summarily dismissing his application for post-conviction relief. This Court has held "the purpose of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, is to furnish a method to develop a complete record to challenge a criminal conviction."
 
 Chisholm v. State
 
 ,
 
 2014 ND 125
 
 , ¶ 15,
 
 848 N.W.2d 703
 
 (internal quotation omitted). Summary disposition in a post-conviction relief proceeding is akin to summary judgment under N.D.R.Civ.P. 56.
 
 State v. Bender
 
 ,
 
 1998 ND 72
 
 , ¶ 18,
 
 576 N.W.2d 210
 
 . "An applicant has the burden of establishing grounds for post-conviction relief."
 
 Chisholm
 
 , at ¶ 8. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact."
 
 Owens v. State
 
 ,
 
 1998 ND 106
 
 , ¶ 13,
 
 578 N.W.2d 542
 
 (citations omitted). " Section 29-32.1-09, N.D.C.C., governs
 
 *714
 
 summary disposition in post-conviction relief proceedings."
 
 Chisholm
 
 , at ¶ 8.
 

 The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.
 

 N.D.C.C. § 29-32.1-09(3).
 

 [¶ 6] An application for post-conviction relief must be filed within two years of the date the conviction becomes final. N.D.C.C. § 29-32.1-01(2). The conviction in this case became final when the time for appeal of the conviction to this Court expired. N.D.C.C. § 29-32.1-01(2)(a). The three exceptions to the statute of limitations include: (1) newly discovered evidence, (2) the petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief, or (3) the petitioner asserts a new interpretation of federal or state law is retroactively applicable to the petitioner's case.
 
 See
 
 N.D.C.C. § 29-32.1-01(3)(a). If the petitioner falls under one of the three exceptions, the petitioner must file within two years of discovering the new evidence, the disability or disease ceases, or the effective date of the retroactive application of new interpretation.
 
 See
 
 N.D.C.C. § 29-32.1-01(3)(b). In this case, Carlson is well beyond the two-year statute of limitations. Therefore, we must look at whether he falls under one of the three exceptions to the two-year limitation.
 

 [¶ 7] Carlson argues newly discovered evidence exists to allow the petition to go forward. Carlson indicated his upbringing in Russia and his psychological examinations fit this category. However, the district court found this argument unconvincing, because the information Carlson provided was known to the court and all parties at the time of entering the pleas. Furthermore, the statute states the newly discovered evidence if proved "would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." N.D.C.C. § 29-32.1-01(3)(a)(1). The evidence Carlson relied on does not tend to prove he did not commit murder or a deviate sexual act. Instead, the evidence Carlson provided would only show mitigating factors. Therefore, Carlson's argument for newly discovered evidence fails.
 

 [¶ 8] The primary argument made to the district court was that Carlson suffered from a mental disease that prevented him from filing for post-conviction relief within the two-year statute of limitations. Carlson provided evidence to show he suffered from mental disease or disability, the same disability previously known to the court about his childhood. However, Carlson failed to present any evidence that his mental condition precluded timely assertion of his application. Therefore, Carlson failed to show how he would fall under the second exception to the two-year limitation.
 

 [¶ 9] Lastly, on appeal Carlson argues a new interpretation of federal or state law is retroactively applicable to his case. However, Carlson did not argue before the district court any new interpretation of state of federal law that retroactively applies to his case. We do not generally address an issue raised on appeal that was not made to the district court.
 
 Johnson v. State
 
 ,
 
 2015 ND 7
 
 , ¶ 8,
 
 858 N.W.2d 632
 
 . Carlson provided no clear authority which would retroactively apply to his case, and we decline to further address the issue.
 

 [¶ 10] Carlson's petition for post-conviction relief was not filed within two years of his conviction becoming final. Furthermore,
 
 *715
 
 Carlson fails to show he falls under any of the three exceptions to the two-year statute of limitations. Therefore, the district court did not err in summarily dismissing his post-conviction relief application after finding it was untimely.
 

 III
 

 [¶ 11] We affirm the district court order summarily dismissing Carlson's post-conviction relief application.
 

 [¶ 12] Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.